MPD:fm 07-289

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

SAFECO INSURANCE COMPANY
OF ILLINOIS

CA 08 145S

VS

C.A. NO. 08-

AMICA MUTUAL INSURANCE COMPANY
AND JOYCE WAGENMAKER

**COMPLAINT FOR DECLARATORY JUDGMENT**

NOW COMES, the Plaintiff, SAFECO INSURANCE COMPANY of Illinois (hereinafter referred to as "Safeco") by its attorneys, Rice Dolan & Kershaw and pursuant to pursuant to 28 U.S.C. § 2201 et. seq. and for its complaint for Declaratory Judgment against the Defendants, AMICA MUTUAL INSURANCE COMPANY (hereinafter referred to an "AMICA") and JOYCE WAGENMAKER (hereinafter referred to as "Wagenmaker"), states as follows:

1. Amica is a mutual company organized and existing under the laws of the State of Rhode Island with its principal place of business in Lincoln, Rhode Island.
2. Safeco is an insurance company with both its principal place of business and place of incorporation other than Rhode Island.
3. AMICA issued its policy of insurance, No. 961138-23YV, with effective dates of November 25, 2005 to November 25, 2006, to Vito Vitone with a limit of $500,000. A true and correct copy of the policy is attached hereto as Exhibit A.
4. Safeco issued its policy No. Z03620833, to Joyce Wagenmaker, with effective dates of May 5, 2006 to November 5, 2006, with a single limit of $300,000. A true and correct copy of the policy is attached hereto as Exhibit B.
5. On July 3, 2006, Wagenmaker was occupying and a passenger in a motor vehicle owned and operated by Vito Vitone.

6. At or about Interstate 95 South at Gateway, in Cranston, Rhode Island 02910, a hit and run motor vehicle made physical contact with the vehicle occupied by Wagenmaker.

7. As a result of said physical conduct, Wagenmaker alleges that she incurred certain bodily injuries and damages.

8. Wagenmaker submitted a claim to AMICA and Safeco for uninsured motorist benefits under their respective policies.

9. Said AMICA policies provides under the **"Uninsured Motorist Coverage"**, in relevant parts as follows:

> **"Insuring Agreement**
>
> A. We will pay compensatory damages which an insured is legally entitled to recover from the owner or operator of an uninsured motor vehicle because of bodily injury:
>
> 1. Sustained by an insured; and
>
> 2.Caused by an accident.
>
> The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the uninsured motor vehicle.
>
> Any judgment for damages arising out of a suit brought without our written consent is not binding on us.
>
> B. "Insured" as used in this Part means:
>
> 1. You or any family member.
>
> 2. Any other person occupying your covered auto.
>
> 3. Any person for damages that person is entitled to recover because of bodily injury to which this coverage applies sustained by a person described in 1. or 2. above."

10. Since Wagenmaker was occupying a 1988 Chevorlet Corvette that is listed in the declarations of the AMICA policy, she falls within the definition of **"Insured"** under the **"<u>INSURING AGREEMENT</u>"** of the AMICA policy. None of the exclusions for uninsured motorist coverage under the AMICA policy would

apply to Wagenmaker and thus, she is entitled to coverage from AMICA under its policy for uninsured motorist coverage.

11. The AMICA policy further provides in relevant part as follows:

> **"Other Insurance**
>
> If there is other insurance similar to the insurance provided under this Part of the policy, we will pay only our share of the loss. Our share is the proportion that our limit of liability bears to the total of all applicable limits. However, any insurance we provide with respect to a vehicle while used as a temporary substitute for your covered auto, shall be excess over any other collectible insurance."

12. The AMICA policy defines "you" as the "named insured" which is not Wagenmaker and thus the excess sentence of the above-quoted **<u>Other Insurance</u>** provisions of the AMICA policy does not apply to Wagenmaker.

13. Safeco's policy provides in relevant part as follows:

> "Other Insurance
>
> A. For Uninsured Motorist Coverage only:
>
> If there is another applicable similar insurance available under more than one policy of provision of coverage:
>
> 1. Any recovery for damages for **bodily injury** sustained by an **insured** may equal but not exceed the higher of the applicable limit for any one vehicle under this insurance or any other insurance.
>
> 2. Any insurance we provide with respect to a vehicle you do not own shall be excess over any other collectible insurance.
>
> 3. We will pay only our share of the loss. Our share is only the proportion that our limit of liability bears to the total of all applicable limits.

14. As set forth in paragraph A(1) of the **"Other Insurance"** provision of the Safeco policy any recovery for damages for bodily injury sustained by Wagenmaker may not exceed the higher of the applicable limits which is the AMICA limit of

$500,000. Further, since she was occupying a non-owned vehicle, Safeco's policy is excess and thus is not applicable to the Wagenmaker claim because of the above-quoted "**Other Insurance**" provision of the Safeco policy.

15. AMICA has wrongfully denied the uninsured's motor claim of Wagenmaker.

16. An actual controversy exists in that Wagenmaker and Safeco claim that AMICA provides uninsured motorist coverage to Wagenmaker as alleged above and AMICA contends otherwise.

WHEREFORE, Safeco Insurance Company of Illinois moves this Court to enter a judgment and declare as follows:

A. The AMICA policy No. 961138-23YV provides uninsured motorist coverage to Joyce Wagenmaker for the incident that occurred in Rhode Island on or about July 3, 2006, up to its limits of $500,000.

B. That Safeco does not provide uninsured motorist coverage to Joyce Wagenmaker because the policy limit of the AMICA exceeds the Safeco policy limit and Safeco's uninsured motorist coverage would be excess.

C. That the Court stay any arbitration or other proceedings to determine the extent of Joyce Wagenmaker's damages until this declaratory judgment action has been resolved.

D. That the Court otherwise declare the rights of the parties under the applicable policies alleged and grant such other relief as it deems proper.

Mark P. Dolan, Esq. #3280
Rice Dolan & Kershaw
Attorneys for Plaintiff
Safeco Insurance Company
of Illinois
72 Pine Street, Suite 300
Providence, RI 02903
(401) 272-8800
Fax: (401) 421-7218

CERTIFICATION

TO: David Oliveira, Esq., 155 South Main Street, Suite 305, Providence, RI 02903
John A. Donovan, III, Esq., Sloane and Walsh, LLP, 3 Center Plaza, Boston, MA 02108

DATED: April 21, 2008