UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

C. A. NO.: 08-cv-00041-T-DLM

| | |
|---|---|
| JOYCE WAGENMAKER,<br>Plaintiff, | ) |
| v. | ) |
| AMICA MUTUAL INSURANCE COMPANY,<br>Defendant/Third-Party Plaintiff, | ) |
| v. | ) |
| VITO VITONE,<br>Third-Party Defendant. | ) |

**DEFENDANT/THIRD-PARTY PLAINTIFF, AMICA MUTUAL INSURANCE COMPANY'S MOTION TO DISMISS THIRD-PARTY DEFENDANT VITO VITONE'S COUNTERCLAIMS**

Now comes the defendant/third-party plaintiff, AMICA Mutual Insurance Company ("AMICA"), pursuant to Federal Rules of Civil Procedure 12(b)(1), hereby moves this Honorable Court to dismiss third-party defendant, Vito Vitone's counterclaims against it for breach of contract, negligence, and bad faith insurance practice (R.I.G.L. § 9-1-33), for lack of subject jurisdiction. The Court must dismiss these counterclaims claims because they do not arise from or relate the occurrence at issue in this case- namely, the denial of Vitone and Wagenmaker's claims concerning a July 3, 2006 automobile accident. Instead, Vitone's counterclaims relate to a separate and distinct automobile accident that occurred on November 21, 2005. Because these counterclaims bear no logical relation to this case, and because there is no independent basis of jurisdiction for his claims, they must be dismissed.

As further grounds in support of this Motion, AMICA states as follows:

1. This matter arises out of a motor vehicle accident which occurred on July 3, 2006 in Cranston, RI. At the time of the accident, Vito Vitone ("Vitone") was operating his 1998 Chevrolet Corvette and Joyce Wagenmaker ("Wagenmaker") was a passenger in the vehicle. Vitone and Wagenmaker allege that they sustained personal injuries as a result of a collision with an unidentified vehicle.

2. The parties in this action have asserted claims for declaratory relief for the purpose of determining their respective rights and obligations under an insurance policy issued by AMICA Mutual Insurance Company ("AMICA") to Vitone. Wagenmaker commenced this action and asserted claims for declaratory relief against AMICA. *Ex. 1, Complaint.* She has asked the Court to determine and declare that she is entitled to Uninsured Motorist coverage under AMICA's insurance policy. In response, AMICA filed a counterclaim for declaratory judgment against Wagenmaker, *Ex. 2, Counterclaim*, and a third-party claim for declaratory judgment against Vitone. *Ex. 3, Third-Party Complaint.* AMICA seeks a declaration that there is no coverage for the Uninsured Motorist claims because Vitone deleted this coverage for his 1998 Chevrolet Corvette several months before the accident. *Exs. 2-3.*

3. Initially, Vitone filed a Motion to Dismiss AMICA's third-party complaint and argued that the third-party claim "destroy[ed] diversity of citizenship." Then, at the hearing, Vitone withdrew the Motion to Dismiss.

4. Thereafter, Vitone answered AMICA's third-party complaint and asserted counterclaims against AMICA for breach of contract, negligence, and bad faith insurance practice (R.I.G.L. § 9-1-33). *Ex. 4, Vitone's Answer with Counterclaims against AMICA.* These counterclaims do not arise from the July 3, 2006, but rather a separate and distinct

accident allegedly occurring on or about November 21, 2005. According to Vitone's Answer, "the November 21, 2005 accident is entirely disassociated with the July 3, 2006 accident." *Ex. 4, p. 5, para. 11.*

5. The Court must dismiss Vitone's counterclaims against AMICA because they are permissive counterclaims and there exists no independent basis of subject matter jurisdiction. Under the *logical relation test* adopted by the First Circuit in McCaffrey v. Rex Motor Transp., Inc., 672 F.2d 246, 249 (1st Cir.1982), Vitone's counterclaims are permissive (and not compulsory) because they bear no logical relation to the underlying action and therefore, are permissive. "Permissive counterclaims . . do not fall within ancillary jurisdiction and therefore may not be heard in federal court unless supported by an independent basis of jurisdiction." Iglesias v. Mutual Life Ins. Co. of New York, 156 F.3d 237, 241 (1st Cir. 1998). Here, there is no independent basis of subject matter jurisdiction for Vitone's permissive counterclaims against AMICA. Vitone cannot find support for subject matter jurisdiction from 28 U.S.C. § 1331 (federal question subject matter jurisdiction) because his counterclaims do not arise under the Constitution, laws, or treaties of the United States. In addition, Vitone cannot find support for subject matter jurisdiction from 28 U.S.C. § 1332 (diversity of citizenship subject matter jurisdiction). Lastly, Vitone cannot rely of 28 U.S.C. § 1367 (supplemental subject matter jurisdiction) as a basis for subject matter jurisdiction because his permissive counterclaims do not arise from the same case or controversy as the claims in the underlying action.

As further grounds in support of this Opposition, the plaintiff relies on the accompanying Memorandum of Law.

WHEREFORE, the Defendant/Third-Party Plaintiff respectfully requests that the Court to dismiss the Third-Party Defendant's counterclaims for breach of contract, negligence, and bad faith insurance practice (R.I.G.L. § 9-1-33).

Respectfully submitted,
Third-Party Plaintiff
AMICA Mutual Insurance Company
By its attorney,

Dated:

/s/ John A. Donovan III

John A. Donovan III
SLOANE & WALSH, LLP
Three Center Plaza, 8th Floor
Boston, MA 02108
(617) 523–6010/(617) 227–0927 – *fax*
jdonovan@sloanewalsh.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this 15th day of May 2008, that the within was electronically filed with the Court using the ECF system. The following counsel of record are registered with the Court and will be served electronically through the ECF system and by regular mail, postage prepaid: David J. Oliveira, Esq., 155 South Main Street, Suite 305, Providence, RI 02903 and Todd D. White, Esq., Adler Pollock & Sheehan, P.C., One Citizens Plaza, 8th Floor, Providence, RI 02903.

/s/ Debra Ito

Debra L. Ito