UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

C. A. NO.: 08-cv-00041-T-DLM

JOYCE WAGENMAKER,
Plaintiff,

v.

AMICA MUTUAL INSURANCE COMPANY,
Defendant/Third-Party Plaintiff,

v.

VITO VITONE,
Third-Party Defendant.

**AMICA MUTUAL INSURANCE COMPANY'S STATEMENT FOR RULE 16 STATUS CONFERENCE**

**BACKGROUND**

The insurance coverage dispute arises out of a motor vehicle accident which occurred in Cranston, Rhode Island on July 3, 2006. The parties have asserted claims for declaratory relief for the purpose of determining their respective rights and obligations under an insurance policy issued by AMICA Mutual Insurance Company ("AMICA") to Vito Vitone ("Vitone")[1]. Vitone, who was operating his 1998 Chevrolet Corvette, and his passenger, Joyce Wagenmaker ("Wagenmaker"), allege that they sustained personal injuries as a result of a collision with an unidentified vehicle. Wagenmaker commenced this action and asked the Court to determine and declare that she is entitled to Uninsured Motorist coverage under AMICA's policy. AMICA responded with a counterclaim against Wagenmaker and a Third-

[1] In the companion case, the parties have asserted claims for declaratory relief for the purpose of determining their rights and obligations under an insurance policy issued by Safeco to Joyce Wagonmaker.

Party Complaint against Vitone. AMICA seeks a declaration that there is no coverage for the Uninsured Motorist claims because Vitone deleted all coverages (except "Other Than Collision" coverage) for his 1998 Chevrolet Corvette several months before the accident.

## ELEMENTS OF AMICA'S CLAIMS FOR DECLARATORY JUDGMENT

The Declaratory Judgment Act, 28 U.S.C. Sec. 2201, states that "in a case of actual controversy . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration . . . ."28 U.S.C. sec. 2201(a).

To prevail on its claims for Declaratory Judgment, AMICA must establish that 1) there is a case of actual controversy among the parties and 2) that it is entitled to the declaratory relief requested. Here, AMICA is entitled to a declaration that there is no coverage for Vitone or Wagenmaker's Uninsured Motorist claims because Vitone deleted all coverages in the subject policy (except "Other Than Collision" coverage) for his 1998 Chevrolet Corvette several months before the accident. AMICA is also entitled to a declaration that it properly denied coverage for these claims because the relevant coverages, including, Liability and Uninsured Motorist coverages, were deleted from the policy at Vitone's request prior to the accident.

## MOTION FOR SUMMARY JUDGMENT

Because the underlying facts concerning Vitone's communications with AMICA (regarding the deletion of his insurance coverages) are undisputed, this matter can be resolved through a Motion for Summary Judgment. AMICA intends to file a Motion for Summary Judgment will which establish that it is entitled to declaratory relief as a matter of law.

Respectfully submitted,

DEFENDANT
AMICA Mutual Insurance Company
By its attorney,

/s/ Nicole Todesco

Nicole J. Todesco, Esq. (#7166)
SLOANE & WALSH, LLP
Three Center Plaza, 8th Floor
Boston, MA 02108
(617) 523–6010/(617) 227–0927 – *fax*
ntodesco@sloanewalsh.com

Dated: June 18, 2008

/s/ John A. Donovan III

John A. Donovan III (#5707)
SLOANE & WALSH, LLP
Three Center Plaza, 8th Floor
Boston, MA 02108
(617) 523–6010/(617) 227–0927 – *fax*
jdonovan@sloanewalsh.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of June 2008, that the within was electronically filed with the Court using the ECF system. The following counsel of record are registered with the Court and will be served electronically through the ECF system and by regular mail, postage prepaid: David J. Oliveira, Esq., 155 South Main Street, Suite 305, Providence, RI 02903; Todd D. White, Esq., Adler Pollock & Sheehan, P.C., One Citizens Plaza, 8th Floor, Providence, RI 02903 and Mark P. Dolan, Rice Dolan & Kershaw
72 Pine Street, Suite 300, Providence, RI 02903.

/s/ Debra Ito

Debra L. Ito

S:\VITONE, VITO AND LINDA - AM-970-1808\Pleadings\RULE16STATEMENT.DOC