UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

CIVIL ACTION NO.: 08-145S

SAFECO INSURANCE COMPANY )
OF ILLINOIS )
Plaintiff, ) **Jury Trial Demand**
)
)
AMICA MUTUAL INSURANCE COMPANY, )
AND JOYCE WAGENMAKER, )
Defendant. )

**DEFENDANT, AMICA MUTUAL INSURANCE COMPANY'S ANSWER WITH COUNTERCLAIM FOR DECLARATORY JUDGMENT**

1. Defendant, AMICA Mutual Insurance Company, admits the allegations contained in this paragraph.

2. Defendant admits the allegations contained in this paragraph.

3. Defendant admits that it issued an insurance policy with effective dates of November 25, 2005 to November 26, 2005 to Vito Vitone.

4. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and calls upon the plaintiff for proof.

5. Defendant admits the allegations contained in this paragraph.

6. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and calls upon the plaintiff for proof.

7. Defendant admits the allegations contained in this paragraph.

8. Defendant denies the allegations contained in this paragraph.

9. Defendant admits that the Plaintiff has accurately cites a portion of the policy.

10. Defendant denies the allegations contained in this paragraph and states that Uninsured Motorist Coverage had been deleted for the 1998 Chevrolet Corvette that was involved in the subject accident.

11. Defendant admits the Plaintiff has accurately cites a portion of the policy.

12. Defendant denies the allegations contained in this paragraph.

13. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and calls upon the plaintiff for proof.

14. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and calls upon the plaintiff for proof.

15. Defendant denies the allegations contained in this paragraph.

16. Defendant admits the allegations contained in this paragraph.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to state claims upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

The defendant states that the Complaint should be dismissed pursuant to Rule 12(B)(3) of the Federal Rules of Civil Procedure for improper venue.

## THIRD AFFIRMATIVE DEFENSE

The defendant states that the Complaint should be dismissed pursuant to Rule 12(B)(4) of the Federal Rules of Civil Procedure for insufficiency of process.

## FOURTH AFFIRMATIVE DEFENSE

The defendant states that the Complaint should be dismissed pursuant to Rule 12(B)(5) of the Federal Rules of Civil Procedure for insufficiency of service of process.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of waiver, estoppel, or unclean hands.

**THE DEFENDANT RESERVES THE RIGHT TO ASSERT ADDITIONAL AFFIRMATIVE DEFENSES UPON THE COMPLETION OF DISCOVERY**.

**THE DEFENDANT DEMANDS A TRIAL BY JURY IN ALL CLAIMS AND ISSUES.**

## COUNTERCLAIM FOR DECLARATORY JUDGMENT

## PRELIMINARY STATEMENT

1. This is a counterclaim for declaratory relief for the purpose of determining the parties' respective rights and obligations under insurance policies issued by AMICA Mutual Insurance Company ("AMICA") to Vito Vitone. AMICA seeks a declaration that there is no coverage under its insurance policies for claims arising out of a July 3, 2006 motor vehicle accident, including, specifically claims asserted by Vito Vitone and his passenger, Joyce Wagenmaker, for Uninsured/Underinsured Motorist Bodily Injury coverage. This Court must determine and declare that there is no coverage because, several months

before the accident, Vito Vitone specifically requested the deletion and elimination of all coverages (except "Other Than Collision" coverage) for his 1998 Chevrolet Corvette.

## PARTIES

2. Plaintiff/Defendant-in-Counterclaim, Safeco Insurance Company of Illinois, is corporation with a place of business in Illinois.

3. Defendant/Plaintiff-in-Counterclaim, AMICA Mutual Insurance Company, is a company organized and existing under the laws of Rhode Island with a principal place of business in Lincoln, Rhode Island.

## FACTS

4. AMICA first issued a Rhode Island Personal Automobile Policy (No. 941138-23YV) (the "Policy") to Mr. Vito Vitone and his wife, Linda Vitone in or about 1994. The effective dates for the policy were November 25, 1994 to November 25, 1995.

5. The Vitones renewal date for the policy was November 25 and the Vitones renewed their Policy every year from 1994 through 2006.

6. At all times, the Vitones' listed address on the Policy was listed at 290 Sanctuary Drive in East Greenwich, RI 02818. The Vitones never made any request to change this address prior to the July 3, 2006 accident.

7. AMICA sent written communications concerning the Policy to the Vitones at their listed address of 290 Sanctuary Drive in East Greenwich, RI. Written communications mailed to this address were not returned to AMICA as undeliverable.

8. At various times, the Vitones owned up to five (5) different vehicles which were listed on this Policy, including, a 1998 Chevrolet Corvette.

9. In or about early October, 2005, in anticipation of the upcoming renewal date, AMICA sent a letter to the Vitones (at 290 Sanctuary Drive, East Greenwich, RI) with a copy of a proposed renewal policy which was to be effective from November 25, 2005 to November 25, 2006. The proposed policy listed six vehicles in the Declaration Pages, including, the 1998 Chevrolet Corvette. In the correspondence, the Vitones were asked to contact AMICA to make any changes to the policy. The Vitones were advised that "[c]hanges will be effective on the renewal date unless an earlier date is requested."

10. On the morning of October 13, 2005, Vito Vitone contacted AMICA's Underwriting Department to discuss the renewal of his policy. At that time, Ms. Linda Detroia, a Senior Supervising Account Representative spoke with Vitone concerning the renewal and he requested several changes to the Policy.

11. During the telephone conversation with Ms. Detroia on October 13, 2005, Vitone indicated that he wanted his son, Michael, to be a listed operator on the Policy. Secondly, he requested the elimination of collision coverage for his 1999 Jeep. Third, Vitone said that he was selling his 2002 Lincoln and that it would be sold as of the

effective date of the renewal. Fourth, Vitone stated that his 1998 Chevrolet Corvette was going to be taken off the road and stored in a garage by the renewal date (November 25, 2005). He then requested that the elimination of all coverages for the 1998 Chevrolet Corvette except "Other Than Collision Loss" coverage. Vitone acknowledged that Liability, Medical Payments and Uninsured Motorists coverages for the 1998 Chevrolet Corvette would be eliminated. Lastly, Mr. Vitone requested that we increase the deductible for the Collision coverage on his other vehicles from $500 to $1000 to save premium.

12. Linda Detroia then processed the policy changes Vitone requested. At his request, all coverages (except "Other Than Collision" coverage) for the 1998 Chevrolet Corvette were deleted, including, the Uninsured Motorists Coverage.

13. On October 13, 2005, Linda Detroia of AMICA sent the Vitones written confirmation of the elimination of coverages he had requested during our telephone conversation. The letter was sent to the Vitones at their 290 Sanctuary Drive, East Greenwich, RI address.

14. In the letter, Linda Detroia of AMICA confirmed that AMICA endorsed his policy "to remove all coverage for the [1998 Chevrolet Corvette] except Other Than Collision Loss." The letter also included a "Coverage Confirmation" document that confirmed that Liability, Medical Payments, Collision Loss and Uninsured Motorists Coverage were "not covered" for the 1998 Chevrolet Corvette. The communication also advised the Vitones to "[p]lease make certain to notify us before this vehicle is driven again to that we may make the appropriate coverage changes."

15. On October 14, 2005, AMICA's Underwriting Department also sent Vitone the Amended Declarations pages for the Renewal Policy. The Amended Declarations confirmed that Uninsured Motorists Coverage did not exist and was "not covered" for the 1998 Chevrolet Corvette (listed as "Auto No. 5"). The Amended Declarations pages (with effective dates of November 25, 2005) were sent to the Vitones via regular mail to his listed address of 290 Sanctuary Drive in East Greenwich, RI 02818.

16. The newly-endorsed renewal Policy was issued with effective dates of 11/25/05 to 11/26/06.

17. Effective on and after November 25, 2005 (and up to and including July 3, 2006), there was no Uninsured Motorists Coverage on the Policy for the Vitones' 1998 Chevrolet Corvette. The Uninsured Motorists Coverage for this vehicle was deleted and eliminated at Vitone's request as of November 25, 2005.

18. Vitone never contacted AMICA to request the reinstatement of the Liability, Medical Payments, or Uninsured Motorist Coverages for the 1998 Chevrolet Corvette at any time prior to July 3, 2006.

19. The Policy contained the following provision:

UNINSURED MOTORISTS COVERAGE- RHODE ISLAND (PP 04 90 01 05)

EXCLUSIONS

A. We do not provide Uninsured Motorists Coverage for bodily injuries sustained by any insured:

1. While occupying, or when struck by, any motor vehicle owned by that insured which is not insured for this coverage.

20. On July 3, 2006, Vitone was operating his 1998 Chevrolet Corvette in Cranston, Rhode Island.

21. On July 3, 2006, the plaintiff/defendant-in-counterclaim, Joyce Wagenmaker, was a passenger in Vitone's vehicle.

22. On July 3, 2006, the 1998 Chevrolet Corvette was involved in a motor vehicle accident in Cranston, Rhode Island.

23. Vitone and Wagenmaker allege that they sustained personal injuries as a result of the July 3, 2006 motor vehicle accident.

24. Vitone and Wagenmaker have presented claims to AMICA for Uninsured Motorist benefits under Vitone's Policy.

25. AMICA properly denied coverage for Vitone and Wagenmakers' Uninsured Motorist claims because this coverage (and all coverages (except "Other Than Collision") had been removed from the Policy at Vitone's request in November 2005.

**COUNT I**
**(DECLARATORY JUDGMENT)**

26. Defendant/Plaintiff-in-Counterclaim repeats, re-alleges and incorporates by reference the allegations contained in paragraphs one through twenty-five above, as if expressly re-written and set forth herein.

27. In and after October/ November 2005, all coverages (except "Other Than Collision") for the 1998 Chevrolet Corvette had been deleted from the PAP issued by AMICA to/for Vitone.

28. In and after October/November 2005, there was no Liability, Medical Payments, Collision Loss, or Uninsured/Underinsured Motorist coverages in AMICA's PAP for Vitone's 1998 Chevrolet Corvette.

29. The PAP expressly provided that AMICA did not "provide Uninsured Motorist Coverage for bodily injuries sustained by any insured…while occupying…any vehicle owned by that insured which is not insured for this coverage."

30. There is no coverage under any insurance policy issued by AMICA for/to Vitone, including the PAP or any other policy, for any claims arising out of the July 3, 2006 motor vehicle accident.

31. There is no coverage under any insurance policy issued by AMICA for/to Vitone for any claims asserted by Vitone or Wagenmaker, including, any Uninsured Motorist claim.

32. AMICA properly denied coverage for any and all claims submitted by or on behalf of Vitone and Wagenmaker in connection with the July 3, 2006 accident.

33. Based upon the foregoing, AMICA states that an actual and bona fide controversy exists between the parties as to their legal relations with respect to the insurance policies issued by AMICA, and the parties' rights and liabilities can only be determined by Declaratory Judgment.

34. AMICA is entitled to a declaration that there is no coverage under any insurance policy issued by AMICA for any claims arising out of the July 3, 2006 accident, including, Uninsured Motorist claims submitted by Vitone and Wagenmaker.

WHEREFORE, Defendant/Plaintiff-in-Counterclaim, AMICA, demands that this Court enter an order in its favor against the plaintiff/defendant-in-counterclaim:

a. declaring that:

   1. there is no coverage under any insurance policy issued by AMICA, including the PAP and PULP, for any claims arising out of the July 3, 2006 accident, including, Uninsured/Underinsured Motorist claims submitted by Wagenmaker;

   2. AMICA properly denied any and all claims submitted by Wagenmaker and Vitone on account of the July 3, 2006 accident, including their Uninsured/Underinsured Motorist claims;

b. awarding plaintiff-in-counterclaim the costs herein expended and such other and further relief that this Court deems just and property.

Respectfully submitted,
AMICA Mutual Insurance Company
By its attorney,

Dated:

/s/ John A. Donovan III

John A. Donovan III
SLOANE & WALSH, LLP
Three Center Plaza, 8th Floor
Boston, MA 02108
(617) 523–6010/(617) 227–0927 – *fax*
jdonovan@sloanewalsh.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this 14th day of August 2008, that the within was electronically filed with the Court using the ECF system. The following counsel of record are registered with the Court and will be served electronically through the ECF system and by regular mail, postage prepaid: David J. Oliveira, Esq., 155 South Main Street, Suite 305, Providence, RI 02903 and Todd D. White, Esq., Adler Pollock & Sheehan, P.C., One Citizens Plaza, 8th Floor, Providence, RI 02903; Mark P. Dolan, Rice Dolan & Kershaw, 72 Pine Street, Suite 300, Providence, RI 02903.

/s/ Debra Ito

Debra L. Ito

S:\VITONE, VIT0 AND LINDA - AM-970-1808\Pleadings\safeco- answerwithcounterclaims.DOC