UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

C. A. NO.: 08-cv-00041-S

JOYCE WAGENMAKER,
Plaintiff,

v.

AMICA MUTUAL INSURANCE COMPANY,
Defendant/Third-Party Plaintiff,

v.

VITO VITONE,
Third-Party Defendant.

**AMICA MUTUAL INSURANCE COMPANY'S MOTION FOR SUMMARY JUDGMENT**

Now comes the defendant/third-party plaintiff, AMICA Mutual Insurance Company ("AMICA"), pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, and hereby moves this Honorable Court to enter summary judgment in its favor on all claims and issues.

As grounds in support of this Motion, AMICA states that there is no genuine issue as to any material fact and the only issues to be determined are questions of law regarding coverage under an insurance policy issued to Vito Vitone. AMICA further states that, as a matter of law, there is no coverage under its insurance policy for claims arising out of a July 3, 2006 motor vehicle accident, including, specifically, claims asserted by Vito Vitone ("Vitone") and his passenger, Joyce Wagenmaker ("Wagenmaker"), for Uninsured Motorist benefits. This Court must determine and declare that there is no coverage because, several months before the July 3, 2006 accident, the Uninsured Motorist coverage for the 1998 Chevrolet

Corvette was deleted from his insurance policy at Vitone's request. In other words, there was no Uninsured Motorist coverage in the policy for the 1998 Chevrolet Corvette at the time the motor vehicle accident occurred. Therefore, neither Vitone nor Wagenmaker are entitled to recover UM benefits from AMICA, and Wagenmaker must recover such benefits from her own insurer, Safeco Insurance Company of Illinois ("Safeco").[1]

As further grounds in support of this Motion, AMICA relies on the accompanying Statement of Undisputed Facts and Memorandum of Law as well as the exhibits attached and submitted herewith.

WHEREFORE, AMICA respectfully requests that this Court enter summary judgment on its behalf, and, in so doing, determine and declare that:

1. there is no coverage under any insurance policy issued by AMICA, including the subject Policy, for any claims arising out of the July 3, 2006 accident, including, Uninsured/Underinsured Motorist claims submitted by Wagenmaker and Vitone;

2. AMICA properly denied any and all claims submitted by Wagenmaker and Vitone on account of the July 3, 2006 accident, including their Uninsured/Underinsured Motorist claims;

3. AMICA shall have no liability to Wagenmaker for the any of the claims contained in her Complaint, including, her claims for declaratory relief (Count I) and breach of contract (Count II); and

4. AMICA shall have no liability to Safeco Insurance of Illinois in connection with claims submitted by Wagenmaker and Vitone.

---

[1] In the companion case, the parties have asserted claims for declaratory relief for the purpose of determining their rights and obligations under an insurance policy issued by Safeco to Joyce Wagenmaker.

Respectfully submitted,
AMICA Mutual Insurance Company
By its attorney,

/s/ John A. Donovan III

John A. Donovan III
SLOANE & WALSH, LLP
Three Center Plaza, 8th Floor
Boston, MA 02108
(617) 523–6010/(617) 227–0927 – *fax*
jdonovan@sloanewalsh.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this 14th day of August 2008, that the within was electronically filed with the Court using the ECF system. The following counsel of record are registered with the Court and will be served electronically through the ECF system and by regular mail, postage prepaid: David J. Oliveira, Esq., 155 South Main Street, Suite 305, Providence, RI 02903 and Todd D. White, Esq., Adler Pollock & Sheehan, P.C., One Citizens Plaza, 8th Floor, Providence, RI 02903; Mark P. Dolan, Rice Dolan & Kershaw, 72 Pine Street, Suite 300, Providence, RI 02903.

/s/ Debra Ito

Debra L. Ito

S:\VITONE, VIT0 AND LINDA - AM-970-1808\Pleadings\sjmemorandumoflaw.com.DOC