UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

C. A. NO.: 08-cv-00041-T-DLM

JOYCE WAGENMAKER, )
Plaintiff, )
)
v. )
)
AMICA MUTUAL INSURANCE COMPANY, )
Defendant/Third-Party Plaintiff, )
)
v. )
)
VITO VITONE, )
Third-Party Defendant. )

**AMICA MUTUAL INSURANCE COMPANY'S STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

## I. STATEMENT OF UNDISPUTED FACTS PURSUANT TO LOCAL RULE 56

1. AMICA first issued a Rhode Island Personal Automobile Policy (No. 941138-23YV) (the "Policy") to Vito Vitone and his wife, Linda Vitone in or about 1994. The effective dates for the policy were November 25, 1994 to November 25, 1995. *Ex. 4, Affidavit of Linda Detroia*.

2. The renewal date for the policy was November 25 and the Vitones renewed their Policy every year from 1994 through 2006. *Ex. 4.*

3. At all times, the Vitones' listed address on the Policy was 290 Sanctuary Drive in East Greenwich, RI 02818. *Ex. 4.* The Vitones never made any request to change this address prior to the July 3, 2006 accident.

4. AMICA sent written communications about the Policy to the Vitones at their listed address of 290 Sanctuary Drive in East Greenwich, RI. Written communications mailed to this address were not returned to AMICA as undeliverable. *Ex. 4*

5. At various times, the Vitones owned up to five (5) different vehicles which were listed on this Policy, including, a 1998 Chevrolet Corvette. *Ex. 4*.

6. In or about early October, 2005, in anticipation of the upcoming renewal date, AMICA sent a letter to the Vitones (at 290 Sanctuary Drive, East

Greenwich, RI) with a copy of a proposed renewal policy which was to be effective from November 25, 2005 to November 25, 2006. *Ex. 4A, p. 46-95.* The proposed policy listed six vehicles in the Declaration Pages, including, the 1998 Chevrolet Corvette. *Ex. 4A, p. 59*. In the correspondence, the Vitones were asked to contact AMICA to make any changes to the policy. The Vitones were advised that "[c]hanges will be effective on the renewal date unless an earlier date is requested." *Ex. 4A, p. 46.*

7. On the morning of October 13, 2005, Vito Vitone contacted AMICA's Underwriting Department to discuss the renewal of his policy.

8. On October 13, 2005, Vitone spoke with Linda Detroia, a Senior Supervising Account Representative, concerning the upcoming renewal and requested several changes to the Policy. *Ex. 4*.

9. First, Vitone indicated that he wanted his son, Michael, to be a listed operator on the Policy. *Ex. 4B, p.97; Ex. 5, Statement of Vito Vitone (with transcription), p. 115-122.*

10. Secondly, Vitone requested the elimination of collision coverage for his 1999 Jeep. *Ex. 4B, p. 97*.

11. Third, Vitone said that he was selling his 2002 Lincoln and that it would be sold as of the effective date of the renewal. *Ex. 4B, p. 97.*

12. Fourth, Vitone stated that his 1998 Chevrolet Corvette was going to be taken off the road and stored in a garage by the renewal date (November 25, 2005). *Ex. 4B, p. 97.*

13. At that time, Vitone anticipated that he would not use the 1998 Chevrolet Corvette during the winter months and expected that the vehicle would be garaged at an auto care center in Pawtucket, RI for several months. *Ex. 5, p. 118.*

14. Vitone understood that he would not need liability or comprehensive coverage for the 1998 Corvette because it was to be garaged during the winter months. *Ex. 5, p. 118.*

15. During the telephone conversation with Ms. Detroia on October 13, 2005, Vitone requested that the elimination of all coverages for the 1998 Chevrolet Corvette except "Other Than Collision Loss" coverage. *Ex. 4.*

16. During the telephone conversation with Ms. Detroia on October 13, 2005, Vitone acknowledged that Liability, Medical Payments and Uninsured Motorists coverages for the 1998 Chevrolet Corvette would be eliminated. *Ex. 4.*

17. Lastly, during the October 13, 2005 conversation, Mr. Vitone also requested that we increase the deductible for the Collision coverage on his other vehicles from $500 to $1000 to save premium. *Ex. 4B, p. 97.*

18. Linda Detroia then processed the policy changes Vitone requested. At his request, all coverages (except "Other Than Collision" coverage) for the 1998 Chevrolet Corvette were deleted, including, the Uninsured Motorists Coverage. *Ex. 4.*

19. On October 13, 2005, Linda Detroia of AMICA sent the Vitones written confirmation of the elimination of coverages he had requested during our telephone conversation. *Ex. 4C, p. 99-104*

20. The October 13, 2005 letter was sent to the Vitones at their 290 Sanctuary Drive, East Greenwich, RI address. *Ex. 4C, p. 99.*

21. At that time, Vitone was living at 290 Sanctuary Drive address and receiving mail at the address as well. *Ex. 5*, *p. 116.*

22. In the October 13, 2005, letter, Linda Detroia of AMICA confirmed that AMICA endorsed his policy "to remove all coverage for the [1998 Chevrolet Corvette] except Other Than Collision Loss." *Ex. 4C. p. 100.*

23. In the letter, Ms. Detroia advised the Vitones to "[p]lease make certain to notify us before this vehicle is driven again to that we may make the appropriate coverage changes." *Ex. 4C, p. 100.*

24. The October 13, 2005 letter also included a "Coverage Confirmation" document that confirmed that Liability, Medical Payments, Collision Loss and Uninsured Motorists Coverage were "NOT COVERED" for the 1998 Chevrolet Corvette. *Ex. 4C, p. 101.*

25. Vitone received a copy of the October 13, 2005 letter. *Ex. 4C; Ex. 5*.

26. On October 14, 2005, AMICA's Underwriting Department also sent Vitone the Amended Declarations pages for the Renewal Policy. *Ex. 4D, p. 105 - 114.*

27. The Amended Declarations pages (with effective dates of November 25, 2005) were sent to the Vitones via regular mail to their listed address of 290 Sanctuary Drive in East Greenwich, RI 02818. *Ex. 4D, p. 106*.

28. The Amended Declarations confirmed that Uninsured Motorists Coverage did not exist and was "NOT COVERED" for the 1998 Chevrolet Corvette (listed as "Auto No. 5"). *Ex. 4D, p. 110.*

29. AMICA then issued the newly-endorsed renewal Policy with effective dates of 11/25/05 to 11/26/06. *Ex. 4; Ex. 4C and D.*

30. Effective on and after November 25, 2005 (and up to and including July 3, 2006), there was no Uninsured Motorists Coverage on the Policy for the Vitones' 1998 Chevrolet Corvette. *Ex. 4C and 4D.*

31. The Uninsured Motorists Coverage for this vehicle was deleted and eliminated at Vitone's request as of November 25, 2005. *Ex. 4.*

32. The Policy contained the following provision:

UNINSURED MOTORISTS COVERAGE- RHODE ISLAND (PP 04 90 01 05)

EXCLUSIONS

A. We do not provide Uninsured Motorists Coverage for bodily injuries sustained by any insured:

1. While occupying, or when struck by, any motor vehicle owned by that insured which is not insured for this coverage.

*Ex. 4A, p. 78*.

33. Vitone took the 1998 Chevrolet Corvette out of the garage in 2006. *Ex. 5*.

34. Vitone never contacted AMICA to report that he had taken the 1998 Chevrolet Corvette out of the garage or that he was driving the vehicle again. *Ex. 5*.

35. Vitone never contacted AMICA to request the reinstatement of the Liability, Medical Payments, or Uninsured Motorist Coverages for the 1998 Chevrolet Corvette at any time prior to July 3, 2006. *Ex. 4; Ex. 5*.

36. Vitone "goofed" when he failed to contact AMICA to reinstate full coverage on the vehicle. *Ex. 5, p. 119*.

37. Vitone was operating his 1998 Chevrolet Corvette in Cranston, Rhode Island on July 3, 2006.

38. At that time, the plaintiff/defendant-in-counterclaim, Joyce Wagenmaker, was a passenger in Vitone's vehicle.

39. On July 3, 2006, the 1998 Chevrolet Corvette was involved in a motor vehicle accident in Cranston, Rhode Island.

40. Vitone and Wagenmaker allege that they sustained personal injuries as a result of the July 3, 2006 motor vehicle accident.

41. Vitone and Wagenmaker have presented claims to AMICA for Uninsured Motorist benefits under Vitone's Policy.

42. AMICA properly denied coverage for Vitone and Wagenmakers' Uninsured Motorist claims because this coverage (and all coverages (except "Other Than Collision") had been removed from the Policy at Vitone's request in November 2005.

Respectfully submitted,
AMICA Mutual Insurance Company
By its attorney,

/s/ John A. Donovan III

John A. Donovan III
SLOANE & WALSH, LLP
Three Center Plaza, 8th Floor
Boston, MA 02108
(617) 523–6010/(617) 227–0927 – *fax*
jdonovan@sloanewalsh.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this 14th day of August 2008, that the within was electronically filed with the Court using the ECF system. The following counsel of record are registered with the Court and will be served electronically through the ECF system and by regular mail, postage prepaid: David J. Oliveira, Esq., 155 South Main Street, Suite 305, Providence, RI 02903 and Todd D. White, Esq., Adler Pollock & Sheehan, P.C., One Citizens Plaza, 8th Floor, Providence, RI 02903; Mark P. Dolan, Rice Dolan & Kershaw, 72 Pine Street, Suite 300, Providence, RI 02903.

/s/ Debra Ito

Debra L. Ito

S:\VITONE, VIT0 AND LINDA - AM-970-1808\Pleadings\sjstatementoffacts.doc