UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

CIVIL ACTION NO.: 08-145S

SAFECO INSURANCE COMPANY )
OF ILLINOIS )
Plaintiff, ) **Jury Trial Demand**
)
)
AMICA MUTUAL INSURANCE COMPANY, )
AND JOYCE WAGENMAKER, )
Defendant. )

**MEMORANDUM OF LAW IN SUPPORT OF AMICA MUTUAL INSURANCE COMPANY'S MOTION FOR SUMMARY JUDGMENT**

## I. BACKGROUND

This insurance coverage dispute arises out of a motor vehicle accident which occurred in Cranston, Rhode Island on July 3, 2006. The parties have asserted claims for declaratory relief for the purpose of determining their respective rights and obligations under an insurance policy issued by AMICA Mutual Insurance Company ("AMICA") to Vito Vitone ("Vitone"). Vitone, who was operating his 1998 Chevrolet Corvette, and his passenger, Joyce Wagenmaker ("Wagenmaker"), allege that they sustained personal injuries as a result of a collision with an unidentified vehicle.

The plaintiff, Safeco Insurance Company of Illinois ("Safeco") commenced this action and asked the Court to determine and declare that AMICA's policy must provide Uninsured Motorist coverage for Wagenmaker. *Ex. 1, Plaintiff's Complaint.* In response, AMICA asserted a counterclaim for declaratory relief against Safeco. *Ex. 2, Answer with Counterclaim.*

AMICA seeks a declaration that there is no coverage for the Wagenmaker and Vitone's claims because, several months before the July 3, 2006 accident, the Uninsured Motorist coverage for the 1998 Chevrolet Corvette was deleted from the insurance policy at Vitone's request. In other words, there was no Uninsured Motorist coverage in the policy for the 1998 Chevrolet Corvette at the time the motor vehicle accident occurred. Therefore Vitone, is not entitled to recover UM benefits and Wagenmaker must recover UM benefits from her own insurer, Safeco Insurance Company of Illinois ("Safeco").

## II. **DESCRIPTION OF MOTION**

This is a Motion for Summary Judgment by which AMICA seeks a declaration that there is no coverage under its insurance policy for claims arising out of a July 3, 2006 motor vehicle accident, including, specifically claims asserted by Vito Vitone and his passenger, Joyce Wagenmaker, for Uninsured Motorist coverage. This Court must determine and declare that, as a matter of law, there is no coverage because several months before the accident Vito Vitone deleted and eliminated all coverages (except "Other Than Collision" coverage) for his 1998 Chevrolet Corvette. AMICA is entitled to summary judgment as a matter of law on its counterclaim against Safeco.

## III. **STATEMENT OF UNDISPUTED FACTS**

AMICA incorporates by reference the statements of fact presented in the Statement of Undisputed Facts in the companion case entitled, Wagenmaker v. AMICA Mutual Insurance Company, No. 08cv41S, as if expressly rewritten and set forth herein.

## IV. POINTS AND AUTHORITIES

### 1. AMICA IS ENTITLED TO SUMMARY JUDGMENT BECAUSE THERE WAS NO UNINSURED MOTORIST COVERAGE FOR VITONE'S 1998 CHEVROLET CORVETTE.

AMICA incorporates by reference the arguments presented in the Memorandum of Law filed in the companion case entitled, Wagenmaker v. AMICA Mutual Insurance Company, No. 08cv41S, as if expressly rewritten and set forth herein.

## V. CONCLUSION

For the above stated reasons, AMICA respectfully requests that this Court enter summary judgment on its behalf, and, in so doing, determine and declare that:

1. there is no coverage under any insurance policy issued by AMICA, including the subject Policy, for any claims arising out of the July 3, 2006 accident, including, Uninsured/Underinsured Motorist claims submitted by Wagenmaker and Vitone;

2. AMICA properly denied any and all claims submitted by Wagenmaker and Vitone on account of the July 3, 2006 accident, including their Uninsured/Underinsured Motorist claims;

3. AMICA shall have no liability to Wagenmaker for the any of the claims contained in her Complaint;

4. AMICA shall have no liability to Safeco Insurance of Illinois in connection with claims submitted by Wagenmaker and Vitone.

Respectfully submitted,
AMICA Mutual Insurance Company
By its attorney,

/s/ John A. Donovan III

John A. Donovan III
SLOANE & WALSH, LLP
Three Center Plaza, 8th Floor
Boston, MA 02108
(617) 523-6010/(617) 227-0927 – *fax*
jdonovan@sloanewalsh.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this 14th day of August 2008, that the within was electronically filed with the Court using the ECF system. The following counsel of record are registered with the Court and will be served electronically through the ECF system and by regular mail, postage prepaid: David J. Oliveira, Esq., 155 South Main Street, Suite 305, Providence, RI 02903 and Todd D. White, Esq., Adler Pollock & Sheehan, P.C., One Citizens Plaza, 8th Floor, Providence, RI 02903; Mark P. Dolan, Rice Dolan & Kershaw, 72 Pine Street, Suite 300, Providence, RI 02903.

/s/ Debra Ito

Debra L. Ito

S:\VITONE, VITO AND LINDA - AM-970-1508\Pleadings\safecomemorandumof law.doc

# EXHIBIT 1

MPD:fm 07-289

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

SAFECO INSURANCE COMPANY
OF ILLINOIS

VS C.A. NO. 08- 1455

AMICA MUTUAL INSURANCE COMPANY
AND JOYCE WAGENMAKER

**COMPLAINT FOR DECLARATORY JUDGMENT**

NOW COMES, the Plaintiff, SAFECO INSURANCE COMPANY of Illinois (hereinafter referred to as "Safeco") by its attorneys, Rice Dolan & Kershaw and pursuant to pursuant to 28 U.S.C. § 2201 et. seq. and for its complaint for Declaratory Judgment against the Defendants, AMICA MUTUAL INSURANCE COMPANY (hereinafter referred to an "AMICA") and JOYCE WAGENMAKER (hereinafter referred to as "Wagenmaker"), states as follows:

1. Amica is a mutual company organized and existing under the laws of the State of Rhode Island with its principal place of business in Lincoln, Rhode Island.
2. Safeco is an insurance company with both its principal place of business and place of incorporation other than Rhode Island.
3. AMICA issued its policy of insurance, No. 961138-23YV, with effective dates of November 25, 2005 to November 25, 2006, to Vito Vitone with a limit of $500,000. A true and correct copy of the policy is attached hereto as Exhibit A.
4. Safeco issued its policy No. Z03620833, to Joyce Wagenmaker, with effective dates of May 5, 2006 to November 5, 2006, with a single limit of $300,000. A true and correct copy of the policy is attached hereto as Exhibit B.
5. On July 3, 2006, Wagenmaker was occupying and a passenger in a motor vehicle owned and operated by Vito Vitone.

6. At or about Interstate 95 South at Gateway, in Cranston, Rhode Island 02910, a hit and run motor vehicle made physical contact with the vehicle occupied by Wagenmaker.

7. As a result of said physical conduct, Wagenmaker alleges that she incurred certain bodily injuries and damages.

8. Wagenmaker submitted a claim to AMICA and Safeco for uninsured motorist benefits under their respective policies.

9. Said AMICA policies provides under the **"Uninsured Motorist Coverage"**, in relevant parts as follows:

> **"Insuring Agreement**
>
> A. We will pay compensatory damages which an insured is legally entitled to recover from the owner or operator of an uninsured motor vehicle because of bodily injury:
>
> 1. Sustained by an insured; and
>
> 2.Caused by an accident.
>
> The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the uninsured motor vehicle.
>
> Any judgment for damages arising out of a suit brought without our written consent is not binding on us.
>
> B. "Insured" as used in this Part means:
>
> 1. You or any family member.
>
> 2. Any other person occupying your covered auto.
>
> 3. Any person for damages that person is entitled to recover because of bodily injury to which this coverage applies sustained by a person described in 1. or 2. above."

10. Since Wagenmaker was occupying a 1988 Chevorlet Corvette that is listed in the declarations of the AMICA policy, she falls within the definition of **"Insured"** under the **"<u>INSURING AGREEMENT</u>"** of the AMICA policy. None of the exclusions for uninsured motorist coverage under the AMICA policy would

apply to Wagenmaker and thus, she is entitled to coverage from AMICA under its policy for uninsured motorist coverage.

11. The AMICA policy further provides in relevant part as follows:

> "**Other Insurance**
>
> If there is other insurance similar to the insurance provided under this Part of the policy, we will pay only our share of the loss. Our share is the proportion that our limit of liability bears to the total of all applicable limits. However, any insurance we provide with respect to a vehicle while used as a temporary substitute for your covered auto, shall be excess over any other collectible insurance."

12. The AMICA policy defines "you" as the "named insured" which is not Wagenmaker and thus the excess sentence of the above-quoted **Other Insurance** provisions of the AMICA policy does not apply to Wagenmaker.

13. Safeco's policy provides in relevant part as follows:

> "Other Insurance
>
> A. For Uninsured Motorist Coverage only:
>
> If there is another applicable similar insurance available under more than one policy of provision of coverage:
>
> 1. Any recovery for damages for **bodily injury** sustained by an **insured** may equal but not exceed the higher of the applicable limit for any one vehicle under this insurance or any other insurance.
>
> 2. Any insurance we provide with respect to a vehicle you do not own shall be excess over any other collectible insurance.
>
> 3. We will pay only our share of the loss. Our share is only the proportion that our limit of liability bears to the total of all applicable limits.

14. As set forth in paragraph A(1) of the "**Other Insurance**" provision of the Safeco policy any recovery for damages for bodily injury sustained by Wagenmaker may not exceed the higher of the applicable limits which is the AMICA limit of

$500,000. Further, since she was occupying a non-owned vehicle, Safeco's policy is excess and thus is not applicable to the Wagenmaker claim because of the above-quoted "**Other Insurance**" provision of the Safeco policy.

15. AMICA has wrongfully denied the uninsured's motor claim of Wagenmaker.

16. An actual controversy exists in that Wagenmaker and Safeco claim that AMICA provides uninsured motorist coverage to Wagenmaker as alleged above and AMICA contends otherwise.

WHEREFORE, Safeco Insurance Company of Illinois moves this Court to enter a judgment and declare as follows:

A. The AMICA policy No. 961138-23YV provides uninsured motorist coverage to Joyce Wagenmaker for the incident that occurred in Rhode Island on or about July 3, 2006, up to its limits of $500,000.

B. That Safeco does not provide uninsured motorist coverage to Joyce Wagenmaker because the policy limit of the AMICA exceeds the Safeco policy limit and Safeco's uninsured motorist coverage would be excess.

C. That the Court stay any arbitration or other proceedings to determine the extent of Joyce Wagenmaker's damages until this declaratory judgment action has been resolved.

D. That the Court otherwise declare the rights of the parties under the applicable policies alleged and grant such other relief as it deems proper.

Mark P. Dolan, Esq. #3280
Rice Dolan & Kershaw
Attorneys for Plaintiff
Safeco Insurance Company
of Illinois
72 Pine Street, Suite 300
Providence, RI 02903
(401) 272-8800
Fax: (401) 421-7218

CERTIFICATION

TO: David Oliveira, Esq., 155 South Main Street, Suite 305, Providence, RI 02903
John A. Donovan, III, Esq., Sloane and Walsh, LLP, 3 Center Plaza, Boston, MA 02108

DATED: April 21, 2008 ______________________

# EXHIBIT 2

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

CIVIL ACTION NO.: 08-145S

SAFECO INSURANCE COMPANY )
OF ILLINOIS )
Plaintiff, ) **Jury Trial Demand**
)
)
AMICA MUTUAL INSURANCE COMPANY, )
AND JOYCE WAGENMAKER, )
Defendant. )

**DEFENDANT, AMICA MUTUAL INSURANCE COMPANY'S ANSWER WITH COUNTERCLAIM FOR DECLARATORY JUDGMENT**

1. Defendant, AMICA Mutual Insurance Company, admits the allegations contained in this paragraph.

2. Defendant admits the allegations contained in this paragraph.

3. Defendant admits that it issued an insurance policy with effective dates of November 25, 2005 to November 26, 2005 to Vito Vitone.

4. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and calls upon the plaintiff for proof.

5. Defendant admits the allegations contained in this paragraph.

6. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and calls upon the plaintiff for proof.

7. Defendant admits the allegations contained in this paragraph.

8. Defendant denies the allegations contained in this paragraph.

9. Defendant admits that the Plaintiff has accurately cites a portion of the policy.

10. Defendant denies the allegations contained in this paragraph and states that Uninsured Motorist Coverage had been deleted for the 1998 Chevrolet Corvette that was involved in the subject accident.

11. Defendant admits the Plaintiff has accurately cites a portion of the policy.

12. Defendant denies the allegations contained in this paragraph.

13. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and calls upon the plaintiff for proof.

14. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and calls upon the plaintiff for proof.

15. Defendant denies the allegations contained in this paragraph.

16. Defendant admits the allegations contained in this paragraph.

**FIRST AFFIRMATIVE DEFENSE**

Plaintiff has failed to state claims upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

The defendant states that the Complaint should be dismissed pursuant to Rule 12(B)(3) of the Federal Rules of Civil Procedure for improper venue.

**THIRD AFFIRMATIVE DEFENSE**

The defendant states that the Complaint should be dismissed pursuant to Rule 12(B)(4) of the Federal Rules of Civil Procedure for insufficiency of process.

**FOURTH AFFIRMATIVE DEFENSE**

The defendant states that the Complaint should be dismissed pursuant to Rule 12(B)(5) of the Federal Rules of Civil Procedure for insufficiency of service of process.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the doctrines of waiver, estoppel, or unclean hands.

**THE DEFENDANT RESERVES THE RIGHT TO ASSERT ADDITIONAL AFFIRMATIVE DEFENSES UPON THE COMPLETION OF DISCOVERY.**

**THE DEFENDANT DEMANDS A TRIAL BY JURY IN ALL CLAIMS AND ISSUES.**

**COUNTERCLAIM FOR DECLARATORY JUDGMENT**

**PRELIMINARY STATEMENT**

1. This is a counterclaim for declaratory relief for the purpose of determining the parties' respective rights and obligations under insurance policies issued by AMICA Mutual Insurance Company ("AMICA") to Vito Vitone. AMICA seeks a declaration that there is no coverage under its insurance policies for claims arising out of a July 3, 2006 motor vehicle accident, including, specifically claims asserted by Vito Vitone and his passenger, Joyce Wagenmaker, for Uninsured/Underinsured Motorist Bodily Injury coverage. This Court must determine and declare that there is no coverage because, several months

before the accident, Vito Vitone specifically requested the deletion and elimination of all coverages (except "Other Than Collision" coverage) for his 1998 Chevrolet Corvette.

## PARTIES

2. Plaintiff/Defendant-in-Counterclaim, Safeco Insurance Company of Illinois, is corporation with a place of business in Illinois.

3. Defendant/Plaintiff-in-Counterclaim, AMICA Mutual Insurance Company, is a company organized and existing under the laws of Rhode Island with a principal place of business in Lincoln, Rhode Island.

## FACTS

4. AMICA first issued a Rhode Island Personal Automobile Policy (No. 941138-23YV) (the "Policy") to Mr. Vito Vitone and his wife, Linda Vitone in or about 1994. The effective dates for the policy were November 25, 1994 to November 25, 1995.

5. The Vitones renewal date for the policy was November 25 and the Vitones renewed their Policy every year from 1994 through 2006.

6. At all times, the Vitones' listed address on the Policy was listed at 290 Sanctuary Drive in East Greenwich, RI 02818. The Vitones never made any request to change this address prior to the July 3, 2006 accident.

7. AMICA sent written communications concerning the Policy to the Vitones at their listed address of 290 Sanctuary Drive in East Greenwich, RI. Written communications mailed to this address were not returned to AMICA as undeliverable.

8. At various times, the Vitones owned up to five (5) different vehicles which were listed on this Policy, including, a 1998 Chevrolet Corvette.

9. In or about early October, 2005, in anticipation of the upcoming renewal date, AMICA sent a letter to the Vitones (at 290 Sanctuary Drive, East Greenwich, RI) with a copy of a proposed renewal policy which was to be effective from November 25, 2005 to November 25, 2006. The proposed policy listed six vehicles in the Declaration Pages, including, the 1998 Chevrolet Corvette. In the correspondence, the Vitones were asked to contact AMICA to make any changes to the policy. The Vitones were advised that "[c]hanges will be effective on the renewal date unless an earlier date is requested."

10. On the morning of October 13, 2005, Vito Vitone contacted AMICA's Underwriting Department to discuss the renewal of his policy. At that time, Ms. Linda Detroia, a Senior Supervising Account Representative spoke with Vitone concerning the renewal and he requested several changes to the Policy.

11. During the telephone conversation with Ms. Detroia on October 13, 2005, Vitone indicated that he wanted his son, Michael, to be a listed operator on the Policy. Secondly, he requested the elimination of collision coverage for his 1999 Jeep. Third, Vitone said that he was selling his 2002 Lincoln and that it would be sold as of the

effective date of the renewal. Fourth, Vitone stated that his 1998 Chevrolet Corvette was going to be taken off the road and stored in a garage by the renewal date (November 25, 2005). He then requested that the elimination of all coverages for the 1998 Chevrolet Corvette except "Other Than Collision Loss" coverage. Vitone acknowledged that Liability, Medical Payments and Uninsured Motorists coverages for the 1998 Chevrolet Corvette would be eliminated. Lastly, Mr. Vitone requested that we increase the deductible for the Collision coverage on his other vehicles from $500 to $1000 to save premium.

12. Linda Detroia then processed the policy changes Vitone requested. At his request, all coverages (except "Other Than Collision" coverage) for the 1998 Chevrolet Corvette were deleted, including, the Uninsured Motorists Coverage.

13. On October 13, 2005, Linda Detroia of AMICA sent the Vitones written confirmation of the elimination of coverages he had requested during our telephone conversation. The letter was sent to the Vitones at their 290 Sanctuary Drive, East Greenwich, RI address.

14. In the letter, Linda Detroia of AMICA confirmed that AMICA endorsed his policy "to remove all coverage for the [1998 Chevrolet Corvette] except Other Than Collision Loss." The letter also included a "Coverage Confirmation" document that confirmed that Liability, Medical Payments, Collision Loss and Uninsured Motorists Coverage were "not covered" for the 1998 Chevrolet Corvette. The communication also advised the Vitones to "[p]lease make certain to notify us before this vehicle is driven again to that we may make the appropriate coverage changes."

15. On October 14, 2005, AMICA's Underwriting Department also sent Vitone the Amended Declarations pages for the Renewal Policy. The Amended Declarations confirmed that Uninsured Motorists Coverage did not exist and was "not covered" for the 1998 Chevrolet Corvette (listed as "Auto No. 5"). The Amended Declarations pages (with effective dates of November 25, 2005) were sent to the Vitones via regular mail to his listed address of 290 Sanctuary Drive in East Greenwich, RI 02818.

16. The newly-endorsed renewal Policy was issued with effective dates of 11/25/05 to 11/26/06.

17. Effective on and after November 25, 2005 (and up to and including July 3, 2006), there was no Uninsured Motorists Coverage on the Policy for the Vitones' 1998 Chevrolet Corvette. The Uninsured Motorists Coverage for this vehicle was deleted and eliminated at Vitone's request as of November 25, 2005.

18. Vitone never contacted AMICA to request the reinstatement of the Liability, Medical Payments, or Uninsured Motorist Coverages for the 1998 Chevrolet Corvette at any time prior to July 3, 2006.

19. The Policy contained the following provision:

<u>UNINSURED MOTORISTS COVERAGE- RHODE ISLAND (PP 04 90 01 05)</u>

EXCLUSIONS

A. We do not provide Uninsured Motorists Coverage for bodily injuries sustained by any insured:

1. While occupying, or when struck by, any motor vehicle owned by that insured which is not insured for this coverage.

20. On July 3, 2006, Vitone was operating his 1998 Chevrolet Corvette in Cranston, Rhode Island.

21. On July 3, 2006, the plaintiff/defendant-in-counterclaim, Joyce Wagenmaker, was a passenger in Vitone's vehicle.

22. On July 3, 2006, the 1998 Chevrolet Corvette was involved in a motor vehicle accident in Cranston, Rhode Island.

23. Vitone and Wagenmaker allege that they sustained personal injuries as a result of the July 3, 2006 motor vehicle accident.

24. Vitone and Wagenmaker have presented claims to AMICA for Uninsured Motorist benefits under Vitone's Policy.

25. AMICA properly denied coverage for Vitone and Wagenmakers' Uninsured Motorist claims because this coverage (and all coverages (except "Other Than Collision") had been removed from the Policy at Vitone's request in November 2005.

## COUNT I
## (DECLARATORY JUDGMENT)

26. Defendant/Plaintiff-in-Counterclaim repeats, re-alleges and incorporates by reference the allegations contained in paragraphs one through twenty-five above, as if expressly re-written and set forth herein.

27. In and after October/ November 2005, all coverages (except "Other Than Collision") for the 1998 Chevrolet Corvette had been deleted from the PAP issued by AMICA to/for Vitone.

28. In and after October/November 2005, there was no Liability, Medical Payments, Collision Loss, or Uninsured/Underinsured Motorist coverages in AMICA's PAP for Vitone's 1998 Chevrolet Corvette.

29. The PAP expressly provided that AMICA did not "provide Uninsured Motorist Coverage for bodily injuries sustained by any insured...while occupying...any vehicle owned by that insured which is not insured for this coverage."

30. There is no coverage under any insurance policy issued by AMICA for/to Vitone, including the PAP or any other policy, for any claims arising out of the July 3, 2006 motor vehicle accident.

31. There is no coverage under any insurance policy issued by AMICA for/to Vitone for any claims asserted by Vitone or Wagenmaker, including, any Uninsured Motorist claim.

32. AMICA properly denied coverage for any and all claims submitted by or on behalf of Vitone and Wagenmaker in connection with the July 3, 2006 accident.

33. Based upon the foregoing, AMICA states that an actual and bona fide controversy exists between the parties as to their legal relations with respect to the insurance policies issued by AMICA, and the parties' rights and liabilities can only be determined by Declaratory Judgment.

34. AMICA is entitled to a declaration that there is no coverage under any insurance policy issued by AMICA for any claims arising out of the July 3, 2006 accident, including, Uninsured Motorist claims submitted by Vitone and Wagenmaker.

WHEREFORE, Defendant/Plaintiff-in-Counterclaim, AMICA, demands that this Court enter an order in its favor against the plaintiff/defendant-in-counterclaim:

a. declaring that:

   1. there is no coverage under any insurance policy issued by AMICA, including the PAP and PULP, for any claims arising out of the July 3, 2006 accident, including, Uninsured/Underinsured Motorist claims submitted by Wagenmaker;

   2. AMICA properly denied any and all claims submitted by Wagenmaker and Vitone on account of the July 3, 2006 accident, including their Uninsured/Underinsured Motorist claims;

b. awarding plaintiff-in-counterclaim the costs herein expended and such other and further relief that this Court deems just and property.

Respectfully submitted,
AMICA Mutual Insurance Company
By its attorney,

Dated:

/s/ John A. Donovan III

John A. Donovan III
SLOANE & WALSH, LLP
Three Center Plaza, 8th Floor
Boston, MA 02108
(617) 523–6010/(617) 227–0927 – *fax*
jdonovan@sloanewalsh.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this 14th day of August 2008, that the within was electronically filed with the Court using the ECF system. The following counsel of record are registered with the Court and will be served electronically through the ECF system and by regular mail, postage prepaid: David J. Oliveira, Esq., 155 South Main Street, Suite 305, Providence, RI 02903 and Todd D. White, Esq., Adler Pollock & Sheehan, P.C., One Citizens Plaza, 8th Floor, Providence, RI 02903; Mark P. Dolan, Rice Dolan & Kershaw, 72 Pine Street, Suite 300, Providence, RI 02903.

/s/ Debra Ito

Debra L. Ito

S:\VITONE, VITO AND LINDA - AM-970-1808\Pleadings\safeco- answerwithcounterclaims.DOC