# Exhibit A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| JOYCE WAGENMAKER,<br>Plaintiff,<br><br>v.<br><br>AMICA MUTUAL INSURANCE CO.,<br>Third-Party Plaintiff,<br><br>v.<br><br>VITO VITONE,<br>Third-Party Defendant. | : | C.A. No.:08-cv-00041-S |

**AFFIDAVIT OF VITO VITONE**

I, Vito Vitone, hereby depose and state upon personal knowledge the following:

1. I am a resident of East Greenwich, Rhode Island, and am the Third-Party Defendant in the above-captioned matter.

2. I do not suffer from any cognitive and/or physical impairment, nor do I take any medications, which impair my ability to competently testify and state the matters set forth herein upon personal knowledge and recollection.

3. I am a named insured under a "**RHODE ISLAND PERSONAL AUTO POLICY**," Policy No. 961138-23YV ("the subject policy"), initially effective November 25, 1994 through November 25, 1995, and renewed yearly through 2006, issued by Amica Mutual Insurance Company ("Amica"). *See* "**DECLARATIONS**," Exhibit 1, at 1.

4. In October 2005, I received a proposed renewal policy for the subject policy for policy period November 25, 2005 through November 25, 2006. The proposed policy provided liability, medical payments, collision, and towing and labor coverage for the following six vehicles: 2000 Chrysler 300M; 1994 Mercedes-Benz E420; 2002 Lincoln LS; 1999 Jeep Cherokee; 1998 Chevrolet Corvette; 2005 Hyundai Tucson GLS. *See* Exhibit 1, at 1, 2. These six vehicles had been insured for the specified coverage during the prior policy period under the subject policy.

5. The proposed policy purported to provide liability coverage for each vehicle in the amount of $500,000 per each accident, with a corresponding premium assigned for each of the six vehicles. *See* Exhibit 1, at 2.

6. The proposed policy also purported to provide "**UNINSURED MOTORISTS**" coverage for bodily injury in the amount of $500,000 per each accident in exchange for a total premium of $392. *See* Exhibit 1, at 2, 3. The proposed "**UNINSURED MOTORISTS**" coverage was identical to that provided under the policy during the prior policy periods.

7. The premium payment with respect to the "**UNINSURED MOTORISTS**" coverage under the proposed policy was not divided or allocated among the six vehicles; rather, a total premium of $392 for "**UNINSURED MOTORISTS – BODILY INJURY**" coverage was added to the sum of the individual premiums charged for the coverages on each of the six vehicles. *See* Exhibit 1, at 3.

8. After receiving the proposed policy, I contacted Amica in October 2005 for the purpose of making changes to the subject policy for policy period November 25, 2005 through November 25, 2006.

9. In a telephone conversation with an Amica underwriter, I specifically requested deletion from the subject policy of comprehensive, collision, and liability coverage with respect to the 2002 Lincoln LS and the 1998 Chevrolet Corvette for the policy period November 25, 2005 through November 25, 2006.

10. At no time did I request that Amica delete, remove, or in any way alter the "**UNINSURED MOTORISTS**" coverage provided under the subject policy.

11. At no time did I acknowledge that the "**UNINSURED MOTORISTS**" coverage provided under the subject policy would be changed, modified, or eliminated from the subject policy.

12. I did not request deletion of the "**UNINSURED MOTORISTS**" coverage because I did not believe that said coverage applied only to respective vehicles listed on the policy. Therefore, I did not believe that deletion of the comprehensive, collision, and liability coverage with respect to the 2002 Lincoln LS and the 1998 Corvette had any impact upon the "**UNINSURED MOTORISTS**" coverage provided to me under the subject policy.

13. At no time following the October 2005 telephone conversation did I receive from Amica any forms, notices, memoranda, letters, or other documentation of any kind, including any notices approved by the Rhode Island Department of Business Regulation, purporting to advise, alert, notify, or in any other way communicate to me the dangers of uninsured and/or underinsured motorists.

14. At no time following the October 2005 telephone conversation did I sign or execute any type of advisory notice, form, memorandum, or any other document of any kind, including any notices approved by the Rhode Island Department of Business Regulation, acknowledging the hazard of uninsured and/or underinsured motorists.

15. Following the October 2005 telephone conversation, I received a letter from Linda Detroia of Amica and a "Coverage confirmation" form. I did not understand the materials to indicate that the "**UNINSURED MOTORISTS**" coverage provided under the subject policy had been changed, modified, or eliminated from the subject policy.

16. Notwithstanding the changes to the policy with respect to the 2002 Lincoln LS and the 1998 Corvette, I retained liability coverage with respect to each of the remaining four vehicles under the subject policy in the amount of $500,000 per each accident. See "**AMENDED DECLARATIONS**," Exhibit 2, at 2, 3.

17. Following that October 2005 telephone conversation, Amica issued the subject policy for the November 25, 2005 through November 25, 2006 policy period, and I received an "**AMENDED DECLARATIONS**" page from Amica with respect to the subject policy. *See* Exhibit 2. At no time did I receive a reduction or rebate on the premium applicable to the "**UNINSURED MOTORISTS**" coverage provided under the subject policy.

18. On July 3, 2006, I was involved in motor vehicle accident ("the subject accident") while operating the 1998 Corvette on Interstate Route 95 in the City of Cranston, Rhode Island.

19. The subject accident was caused by an unidentified hit-and-run driver, who fled the scene of the accident. *See* "Uniform Accident Report Narrative," Exhibit 3.

20. The driver of the hit-and-run vehicle has not been identified since the subject accident.

21. I sustained significant injuries as a result of the subject accident and required medical attention and hospitalization. Following the accident, I filed a claim with Amica under the "**UNINSURED MOTORISTS**" coverage of the subject policy.

22. Amica has denied coverage under the "**UNINSURED MOTORISTS**" coverage of the subject policy with respect to the injuries I sustained in the subject accident on the grounds that I removed said coverage for the 1998 Corvette in October 2005, as well as on the basis of the "OWNED BUT NOT INSURED" exclusion of the "**UNINSURED MOTORISTS**" coverage which states, in pertinent part, that Amica will not provide such coverage for bodily injury sustained by an insured while occupying a vehicle owned by that insured but not insured for uninsured motorist coverage. *See* Letter dated February 9, 2007, Exhibit 4.

23. Following the subject accident, I reviewed the "**AMENDED DECLARATIONS**" page of the subject policy and observed that the document contains the designation "NOT COVERED" with respect to "**UNINSURED MOTORISTS**" coverage as to

the 1998 Corvette. I had never seen this designation or delineation on the **"AMENDED DECLARATIONS"** page at any time prior to the subject accident.

24. At no time prior to the issuance of the subject policy for policy period November 25, 2005 through November 25, 2006 did I ever request removal, deletion, or modification of the **"UNINSURED MOTORISTS"** coverage provided under the subject policy.

25. At no time prior to the subject accident was I aware that the **"UNINSURED MOTORISTS"** coverage provided to me under the subject policy had been changed, modified, or eliminated with respect to policy period November 25, 2005 through November 25, 2006.

26. As of July 3, 2006, I continued to have liability coverage for four (4) vehicles under the subject policy in the amount of $500,000 per accident. *See* Exhibit 3, at 2, 3. I maintained such liability coverage for four (4) vehicles during policy period November 25, 2005 through November 25, 2006.

27. As of July 3, 2006, I believed that the **"UNINSURED MOTORISTS"** coverage under the subject policy protected me, as a named insured, against loss caused by uninsured motorists regardless of the insurance status of the vehicle in which I was traveling at the time of the injury.

28. Following the July 3, 2006 accident, I contacted Amica to discuss the available coverage on the Corvette. I was advised that the **"UNINSURED MOTORISTS"** coverage for the Corvette had been suspended effective November 25, 2005. I was also advised that I did not receive a rebate or reduction in the premium for **"UNINSURED MOTORISTS"** coverage under the policy because **"UNINSURED MOTORISTS"** coverage premiums are set on either a single car or multiple car basis. I was advised that the premium for such coverage therefore would not have changed if a vehicle had been added to the policy. *See* "Amica Underwriting Record of Telephone Conversations," Exhibit 5, at 1

Vito Vitone

Sworn before me this 10th day of Sept., 2008. My commission expires on the 28th day of June, 2009.

Lori LaBossiere

Notary Public

# Exhibit 1

# Amica Mutual Insurance Company

Lincoln, Rhode Island



**DECLARATIONS** **PERSONAL AUTO POLICY NO.** 961138-23YV

**NAMED INSURED AND ADDRESS**
VITO VITONE AND
LINDA VITONE
290 SANCTUARY DR
EAST GREENWICH RI 02818

**POLICY PERIOD: 12:01 A.M., STANDARD TIME**
**From:** NOVEMBER 25, 2005
**To:** NOVEMBER 25, 2006

DUPLICATE

| Auto No. | DESCRIPTION OF AUTO(S) OR TRAILER(S) | LOSS PAYEE |
|---|---|---|
| 1 | 2000 CHRYSLER 300M SEDAN<br><br>VIN 2C3HE66G4YH168716<br>USE: AVG DAILY MILES LESS THAN 30 | |
| 2 | 1994 MERCEDES-BENZ E420 SEDAN<br><br>VIN WDBEA34E2RC043128<br>USE: AVG DAILY MILES 30 OR MORE | |
| 3 | 2002 LINCOLN LS SEDAN<br><br>VIN 1LNHM86S82Y711671<br>USE: AVG DAILY MILES LESS THAN 30 | FORD MOTOR CREDIT CORP.<br>P.O. BOX 105704<br>ATLANTA, GA 30348 |
| 4 | 1999 JEEP CHEROKEE<br>CLASSIC UT<br>VIN 1J4FF68S7XL528459<br>USE: AVG DAILY MILES LESS THAN 30 | |
| 5 | 1998 CHEVROLET CORVETTE<br>CONVERTIBLE<br>VIN 1G1YY32G8W5115652<br>USE: AVG DAILY MILES LESS THAN 30 | |
| 6 | 2005 HYUNDAI TUCSON GLS AWD/LX<br>AWD UTL<br>VIN KM8JN72D95U194649<br>USE: AVG DAILY MILES LESS THAN 30 | |

The Auto(s) or Trailer(s) described in this policy is principally garaged at the above address unless otherwise stated.

SAFE DRIVER PLAN CHARGEABLE POINTS - 2

**RATES ARE BASED ON THE FOLLOWING HOUSEHOLD DRIVERS**

| Driver | NAME | DRIVER'S LICENSE NUMBER | Date of Birth Mo. | Day | Year | Male or Female | Married or Single | Date First Licensed Mo. | Year |
|---|---|---|---|---|---|---|---|---|---|
| 1 | VITO VITONE | 8824030 | 10 | 05 | 46 | M | M | 10 | 63 |
| 2 | LINDA VITONE | 8822494 | 08 | 02 | 49 | F | M | 08 | 65 |
| 3 | ANTHONY J. VITONE | 2040059 | 08 | 15 | 84 | M | S | 06 | 01 |
| 4 | | | | | | | | | |
| 5 | | | | | | | | | |
| 6 | | | | | | | | | |

# Amica Mutual Insurance Company

Lincoln, Rhode Island



CONTINUATION OF DECLARATIONS FOR PERSONAL AUTO POLICY NO. 961138-23YV

**NAMED INSURED AND ADDRESS**

VITO VITONE AND
LINDA VITONE
290 SANCTUARY DR
EAST GREENWICH RI 02818

DUPLICATE

COVERAGE IS PROVIDED WHERE A PREMIUM AND A LIMIT OF LIABILITY IS SHOWN FOR THE COVERAGE

| COVERAGES | LIMIT OF LIABILITY | | | | PREMIUMS AUTO 1 2000 CHRY | AUTO 2 1994 MERC | AUTO 3 2002 LINC |
|---|---|---|---|---|---|---|---|
| A. LIABILITY | $ 500,000 each accident | | | | $ 607.00 | $ 753.00 | $ 671.00 |
| B. MEDICAL PAYMENTS | $ 5,000 each person | | | | $ 13.00 | $ 17.00 | $ 15.00 |
| C. UNINSURED MOTORISTS | $ * each accident | | | | | | |
| D. DAMAGE TO YOUR AUTO | (ACV means Actual Cash Value) | | | | | | |
| 1. Collision Loss | | AUTO 1 | AUTO 2 | AUTO 3 | | | |
| ACV minus deductible of | | $ 500 | $ 500 | $ 500 | $ 403.00 | $ 423.00 | $ 548.00 |
| 2. Other Than Collision Loss | | AUTO 1 | AUTO 2 | AUTO 3 | | | |
| ACV minus deductible of | | $ 500 | $ 500 | $ 500 | $ 61.00 | $ 84.00 | $ 79.00 |
| TOWING AND LABOR COSTS | $ 100 each disablement | | | | $ 8.00 | $ 17.00 | $ 8.00 |

*UNINSURED MOTORISTS - BODILY INJURY
POLICY LIMIT $500,000 EACH ACCIDENT

**PARKING ARRANGEMENTS**

AUTO 1 OFF STREET
AUTO 2 IN GARAGE
AUTO 3 IN GARAGE

TOTAL PREMIUM FOR EACH AUTO $ 1,092.00 $ 1,294.00 $ 1,321.00

**Amica Mutual Insurance Company**
Lincoln, Rhode Island



**CONTINUATION OF DECLARATIONS FOR PERSONAL AUTO POLICY NO.** 961138-23YV

**NAMED INSURED AND ADDRESS**

VITO VITONE AND
LINDA VITONE
290 SANCTUARY DR
EAST GREENWICH RI 02818

DUPLICATE

COVERAGE IS PROVIDED WHERE A PREMIUM AND A LIMIT OF LIABILITY IS SHOWN FOR THE COVERAGE

| COVERAGES | LIMIT OF LIABILITY | | | PREMIUMS AUTO 4 1999 JEEP | PREMIUMS AUTO 5 1998 CHEV | PREMIUMS AUTO 6 2005 HYUN |
|---|---|---|---|---|---|---|
| **A. LIABILITY** | $ 500,000 each accident | | | $ 1,895.00 | $ 671.00 | $ 671.00 |
| **B. MEDICAL PAYMENTS** | $ 5,000 each person | | | $ 43.00 | $ 15.00 | $ 15.00 |
| **C. UNINSURED MOTORISTS** | $ * each accident | | | | | |
| **D. DAMAGE TO YOUR AUTO** | (ACV means Actual Cash Value) | | | | | |
| **1. Collision Loss** | AUTO 4 | AUTO 5 | AUTO 6 | | | |
| ACV minus deductible of | $ 500 | $ 500 | $ 500 | $ 968.00 | $ 500.00 | $ 528.00 |
| **2. Other Than Collision Loss** | AUTO 4 | AUTO 5 | AUTO 6 | | | |
| ACV minus deductible of | $ 500 | $ 500 | $ 500 | $ 153.00 | $ 88.00 | $ 74.00 |
| **TOWING AND LABOR COSTS** | $ 100 each disablement | | | $ 8.00 | $ 8.00 | $ 8.00 |

*UNINSURED MOTORISTS - BODILY INJURY
POLICY LIMIT $500,000 EACH ACCIDENT
POLICY PREMIUM $392.00

**PARKING ARRANGEMENTS**

| | |
|---|---|
| AUTO 4 | OFF STREET |
| AUTO 5 | IN GARAGE |
| AUTO 6 | IN GARAGE |

| | | | |
|---|---|---|---|
| TOTAL PREMIUM FOR EACH AUTO | $ 3,067.00 | $ 1,282.00 | $ 1,296.00 |
| UNINSURED MOTORISTS - BODILY INJURY POLICY PREMIUM | | | $ 392.00 |
| TOTAL PREMIUM | | | $ 9,744.00 |

**Amica Mutual Insurance Company**
Lincoln, Rhode Island



**CONTINUATION OF DECLARATIONS FOR PERSONAL AUTO POLICY NO.** 961138-23YV

**NAMED INSURED AND ADDRESS**

VITO VITONE AND
LINDA VITONE
290 SANCTUARY DR
EAST GREENWICH RI 02818

DUPLICATE

**SPECIAL DISCOUNTS**

PASSIVE RESTRAINT DISCOUNT AUTOS 1,2,3,4,5,6
ANTI-LOCK BRAKING SYSTEM AUTOS 1,2,3,5,6
MULTI-CAR DISCOUNT
ANTI-THEFT DEVICE DISCOUNT AUTOS 1,2,3,5,6

**Form and Endorsements made part of this policy at time of issue:**

| | |
|---|---|
| PP 00 01 01 05 | PERSONAL AUTO POLICY |
| PP 03 03 04 86 | TOWING AND LABOR COSTS COVERAGE |
| AM 00 57 10 05 | LOSS PAYABLE CLAUSE |
| PP 04 90 01 05 | UNINSURED MOTORISTS COVERAGE - RHODE ISLAND |
| PP 01 89 02 05 | AMENDMENT OF POLICY PROVISIONS - RHODE ISLAND |
| AM 00 28 12 01 | AMENDMENT OF PERSONAL AUTO POLICY PROVISIONS |
| PP 03 09 01 05 | SINGLE LIABILITY LIMIT |
| PP 04 38 06 98 | SINGLE UNINSURED MOTORISTS LIMIT - RHODE ISLAND |
| PP 13 01 12 99 | COVERAGE FOR DAMAGE TO YOUR AUTO EXCLUSION ENDORSEMENT |
| RI 00 06 02 01 | RHODE ISLAND MUTUAL PROVISIONS - NON-DIVIDEND POLICY |

**This policy shall not be valid unless countersigned by our authorized agent or representative.**

Countersigned by ...[signature]...

**Authorized Representative**

# Exhibit 2

**AMENDED DECLARATIONS**

In consideration of A RETURN premium of $35.00 we agree that the policy declarations are changed as follows: CHANGE AUTO 38

Changes are Effective JANUARY 12, 2006 (12:01 A.M. Standard Time) Attached to and forming part of Policy No. 961138-23YV issued by the **Amica Mutual Insurance Company**

**NAMED INSURED AND ADDRESS**
VITO VITONE AND
LINDA VITONE
290 SANCTUARY DR
EAST GREENWICH RI 02818

**POLICY PERIOD: 12:01 A.M., STANDARD TIME**
**From:** NOVEMBER 25, 2005
**To:** NOVEMBER 25, 2006

| Auto No | DESCRIPTION OF AUTO(S) OR TRAILER(S) | LOSS PAYEE |
|---|---|---|
| 1 | 2000 VOLKSWAGEN NEW JETTA GL SEDAN<br>VIN 3VWRC29M7YM111733<br>USE: AVERAGE DAILY MILEAGE 13 MILES | DUPLICATE |
| 2 | 1994 MERCEDES-BENZ E420 SEDAN<br>VIN WDBEA34E2RC043128<br>USE: AVG DAILY MILES 30 OR MORE | |
| 3 | 2002 LINCOLN LS SEDAN<br>VIN 1LNHM86S82Y711671<br>USE: AVERAGE DAILY MILEAGE 00 MILES | |
| 4 | 1999 JEEP CHEROKEE CLASSIC UT<br>VIN 1J4FF68S7XL528459<br>USE: AVG DAILY MILES LESS THAN 30 | |
| 5 | 1998 CHEVROLET CORVETTE CONVERTIBLE<br>VIN 1G1YY32G8W5115652<br>USE: AVERAGE DAILY MILEAGE 00 MILES | |
| 6 | 2005 HYUNDAI TUCSON GLS AWD/LX AWD UTL<br>VIN KM8JN72D95U194649<br>USE: AVG DAILY MILES LESS THAN 30 | |

**The Auto(s) or Trailer(s) described in this policy is principally garaged at the above address unless otherwise stated.**

SAFE DRIVER PLAN CHARGEABLE POINTS - 2

**RATES ARE BASED ON THE FOLLOWING HOUSEHOLD DRIVERS**

| Driver | NAME | DRIVER'S LICENSE NUMBER | Date of Birth Mo. | Day | Year | Male or Female | Married or Single | Date First Licensed Mo. | Year |
|---|---|---|---|---|---|---|---|---|---|
| 1 | VITO VITONE | 8824030 | 10 | 05 | 46 | M | M | 10 | 63 |
| 2 | LINDA VITONE | 8822494 | 08 | 02 | 49 | F | M | 08 | 65 |
| 3 | ANTHONY J. VITONE<br>GOOD STUDENT CLASS | 2040059 | 08 | 15 | 84 | M | S | 06 | 01 |
| 4 | MICHAEL A. VITONE<br>GOOD STUDENT, DRIVER TRAINING CLASS | 2421927 | 01 | 21 | 88 | M | S | 10 | 04 |
| 5 | | | | | | | | | |
| 6 | | | | | | | | | |

**CONTINUATION OF AMENDED DECLARATIONS FOR PERSONAL AUTO POLICY NO.** 961138-23YV

**NAMED INSURED AND ADDRESS**

VITO VITONE AND
LINDA VITONE
290 SANCTUARY DR
EAST GREENWICH RI 02818

DUPLICATE

COVERAGE IS PROVIDED WHERE A LIMIT OF LIABILITY IS SHOWN FOR THE COVERAGE

| COVERAGES | | LIMIT OF LIABILITY | | |
|---|---|---|---|---|
| | | AUTO 1<br>2000 VOLK | AUTO 2<br>1994 MERC | AUTO 3<br>2002 LINC |
| **A. LIABILITY** | each accident | $ 500,000 | $ 500,000 | NOT COVERED |
| **B. MEDICAL PAYMENTS** | each person | $ 5,000 | $ 5,000 | NOT COVERED |
| **C. UNINSURED MOTORISTS** | each accident | * | * | NOT COVERED |
| **D. DAMAGE TO YOUR AUTO** | (ACV means Actual Cash Value) | | | |
| **1. Collision Loss** | ACV minus deductible of | $ 1,000 | $ 1,000 | NOT COVERED |
| **2. Other Than Collision Loss** | ACV minus deductible of | $ 500 | $ 500 | $ 500 |
| **TOWING AND LABOR COSTS** | each disablement | $ 100 | $ 100 | NOT COVERED |
| *UNINSURED MOTORISTS - BODILY INJURY POLICY LIMIT $500,000 EACH ACCIDENT | | | | |
| UNINSURED MOTORISTS-PROPERTY DAMAGE SUBJECT TO A $200 DEDUCTIBLE $25,000 EACH ACCIDENT | | NOT COVERED | NOT COVERED | NOT COVERED |

**PARKING ARRANGEMENTS**

AUTO 1 OFF STREET
AUTO 2 IN GARAGE
AUTO 3 OFF STREET

**CONTINUATION OF AMENDED DECLARATIONS FOR PERSONAL AUTO POLICY NO.** 961138-23YV

**NAMED INSURED AND ADDRESS**
VITO VITONE AND
LINDA VITONE
290 SANCTUARY DR
EAST GREENWICH RI 02818

DUPLICATE

COVERAGE IS PROVIDED WHERE A LIMIT OF LIABILITY IS SHOWN FOR THE COVERAGE

| COVERAGES | | LIMIT OF LIABILITY | | |
|---|---|---|---|---|
| | | AUTO 4<br>1999 JEEP | AUTO 5<br>1998 CHEV | AUTO 6<br>2005 HYUN |
| **A. LIABILITY** | each accident | $ 500,000 | NOT COVERED | $ 500,000 |
| **B. MEDICAL PAYMENTS** | each person | $ 5,000 | NOT COVERED | $ 5,000 |
| **C. UNINSURED MOTORISTS** | each accident | * | NOT COVERED | * |
| **D. DAMAGE TO YOUR AUTO** (ACV means Actual Cash Value) | | | | |
| **1. Collision Loss** | ACV minus deductible of | NOT COVERED | NOT COVERED | $ 500 |
| **2. Other Than Collision Loss** | ACV minus deductible of | $ 500 | $ 500 | $ 500 |
| **TOWING AND LABOR COSTS** | each disablement | $ 100 | $ 100 | $ 100 |

*UNINSURED MOTORISTS - BODILY INJURY
POLICY LIMIT $500,000 EACH ACCIDENT
UNINSURED MOTORISTS-PROPERTY DAMAGE SUBJECT TO
A $200 DEDUCTIBLE $25,000 EACH ACCIDENT — COVERED | NOT COVERED | NOT COVERED

**PARKING ARRANGEMENTS**
AUTO 4 OFF STREET
AUTO 5 IN GARAGE
AUTO 6 IN GARAGE

38

**CONTINUATION OF AMENDED DECLARATIONS FOR PERSONAL AUTO POLICY NO.** 961138-23YV

**NAMED INSURED AND ADDRESS**

VITO VITONE AND
LINDA VITONE
290 SANCTUARY DR
EAST GREENWICH RI 02818

**SPECIAL DISCOUNTS**

PASSIVE RESTRAINT DISCOUNT AUTOS 1,2,4,6
ANTI-LOCK BRAKING SYSTEM AUTOS 1,2,6
MULTI-CAR DISCOUNT
ANTI-THEFT DEVICE DISCOUNT AUTOS 1,2,3,5,6

DUPLICATE

**Form and Endorsements made part of this policy:**

| | |
|---|---|
| PP 00 01 01 05 | PERSONAL AUTO POLICY |
| PP 03 03 04 86 | TOWING AND LABOR COSTS COVERAGE |
| PP 04 90 01 05 | UNINSURED MOTORISTS COVERAGE - RHODE ISLAND |
| RI 00 05 01 05 | PROPERTY DAMAGE UNINSURED MOTORISTS COVERAGE - RHODE ISLAND |
| PP 01 89 02 05 | AMENDMENT OF POLICY PROVISIONS - RHODE ISLAND |
| AM 00 28 12 01 | AMENDMENT OF PERSONAL AUTO POLICY PROVISIONS |
| PP 03 09 01 05 | SINGLE LIABILITY LIMIT |
| PP 04 38 06 98 | SINGLE UNINSURED MOTORISTS LIMIT - RHODE ISLAND |
| PP 13 01 12 99 | COVERAGE FOR DAMAGE TO YOUR AUTO EXCLUSION ENDORSEMENT |
| RI 00 06 02 01 | RHODE ISLAND MUTUAL PROVISIONS - NON-DIVIDEND POLICY |

**This policy shall not be valid unless countersigned by our authorized agent or representative.**

**Countersigned by** Peter H. Cameron

**Authorized Representative**

# Exhibit 3

On Monday July 3, 2006 Troopers Pennington and Haynes were dispatched to a motor vehicle accident on Route 95 South 300 feet north of the Milford Street overpass in the City of Cranston. Upon arriving on scene a white 2 axle straight box truck bearing MA commercial registration K68734 was observed partially in the low speed break down lane and partially against the low speed barrier. A gray Chevrolet Corvette bearing RI BESTIA was observed partially under the front end of the truck. Cranston Fire and Rescue was on scene attempting to free the two occupants of the Chevrolet Corvette. The occupants of the Chevrolet were conscious but trapped in the vehicle. Witnesses at the scene stated that a white Volskwagon and a white Porsche were racing and struck the rear of the Chevrolet Corvette causing the accident. Trooper Haynes then contacted the Lincoln Woods Barracks and advised the description of both vehicles and BOLO was then put out to all cars. The operator of the vehicle was the registered owner of the vehicle, **Vito Vitone DOB 10/05/46 of 54 Trellis Drive in West Warwick**. The passenger in the vehicle was later identified as **Joyce Wagenmaker DOB 6/11/49 of 116 Hemstead, Lake Bluff Illinois.** After approximately one hour Cranston Fire and Rescue wer able to free both parties from the vehicle. They were subsequently transported to Rhode Island Hospital.

The operator of the Straight Truck was in good condition and was able to walk on his own power and provide his Driver' s License and Registration information. The operator was identified as **David M. O'connor DOB 2/18/52 of 30 Brown Street Apartment 1F in the City of Pawtucket**. O'connor was later transported to Rhode Island Hospital. The registered owner of the straight truck is Penske Leasing out of Route 10 Green Hills, Reading Pennsylvania. The side of the truck displayed Transco Incorporated out of Franklin, Massachusetts. O'connor stated that he was delivering snacks to area seven-eleven's. O'connor went on to state that he was traveling in lane number one from the right when the Chevrolet Corvette slid across three lanes into his lane of travel. O'connor stated that he witnessed the Chevrolet slide across all lanes and attempted to pull into the breakdown lane to avoid the Chevrolet. The Chevrolet continued into the breakdown lane and struck the truck.

A witness statement was taken at the scene from a E**ric Tilfec DOB 2/22/72 of 340 Prim Rose Lane in Mounitvelle, Pennsylvania**. Tilfec stated that he was traveling in the third lane from the right when the Chevrolet Corvette passed him. Then a white Volkswagon Jetta and White Porsche that appeared to be racing each other passed him at a high rate of speed of which he approximated to be in excess of 100 miles per hour. The Corvette attempted to move from the high speed lane to make way for the Volkswagon and the Porsche. The Volkswagon struck the rear of the Corvette before he could move out of the high speed lane. He then stated that the Corvette struck the high speed median and then continued across all lanes of travel and struck the straight box truck as it swerved into the breakdown lane in attempt to avoid the Chevrolet Corvette. He also stated that the Volkswagon Jetta continued south on Route 95. The Porsche stopped and pulled off to the right momentarily and then continued south on Route 95. Tilfec was unable to obtain a registration on either vehicle.

A second witness Carlos Xavier DOB 12/16/55 of 9 St. George Street in West Warwick stated that the Corvette was operating in the high speed lane and a white Volkswagon Jetta cut off the Chevrolet causing it to lose control and strike the center median and then continue across all lanes and strike the box truck.

At 11:45 PM Lieutenant Marandola, Night Executive arrived at the scene and was advised of the situation. At approximately 12:20AM Lieutenant Pincince of the Criminal Identification Unit arrived on the scene to take photographs. At 12:30AM Trooper John Gadrow of the Accident Reconstruction Unit responded to the scene to take measurements.

At 11:50 PM Troopers Pennington and Haynes responded to Rhode Island Hospital to check on the condition of all parties involved. Emergency staff stated that Vitone was in stable condition. Wagenmaker's condition is yet to be determined pending further medical evaluations.

REFER TO 06RIX4-1634-AC.

# Exhibit 4

Amica
AUTO HOME LIFE
100th ANNIVERSARY

CORPORATE OFFICE
One Hundred Amica Way
Lincoln, Rhode Island 02865-1156
Mail: PO Box 6008, Providence, RI 02940-6008
Toll-free: 1-800-62-Amica (1-800-622-6422)
Claims Fax: 1-866-774-3318
Sales/Service Fax: 1-401-333-4610

February 9, 2007

Vito Vitone
54 Trello Drive
West Warwick, RI 02893

Re:
File Number: L99200605081
Auto Policy Number: 961138-23YV
Umbrella Policy Number: 761138-2472
Date of Loss: July 3, 2006

Dear Mr.Vitone:

Please be advised that AMICA Mutual Insurance Company ("AMICA") has completed its investigation of this matter and its review of the information and materials presently available.

We regret to inform you that your PAP Policy (No. 961138-23YV) affords no coverage for claims arising out of the July 3, 2006 motor vehicle accident. There is no coverage for any claim submitted by you for damages or injuries under the PAP Policy (No. 961138-23YV), including, specifically, claims under the Collision or Uninsured Motorist Coverage Sections of policy.

We also regret to inform you that AMICA has no obligation to defend you under either policy (PAP Policy (No. 961138-23YV) or PULP (No. 761138-2472)) in connection with any claims made by any third-parties. Accordingly, by this letter, AMICA hereby disclaims any defense obligation with respect to claims asserted by third-parties in connection with the subject accident.

AMICA relies on the terms and conditions of the Personal Automobile Policy (No. 961138-23YV), with a policy period of 11/25/05 to 11/26/06, and the Personal Umbrella Liability Policy No. 761138-2472 with policy period of 11/25/05 to 11/26/06, in denying coverage. AMICA relies on the language of these policies, including, but not limited to the following terms and conditions:

*PERSONAL AUTO POLICY*

PART A. LIABILITY COVERAGE

EXCLUSIONS

A. We do not provide Liability Coverage for any insured:

8. Using a vehicle without a reasonable belief that the insured is entitled to do so.

B. We do not provide Liability Coverage for the ownership, maintenance or use of:

2. Any vehicle, other than your covered auto which is:

a. Owned by you, or
b. Furnished or available for your regular use.

PART B – MEDICAL PAYMENTS COVERAGE

EXCLUSIONS

We do not provide Medical Payments Coverage for any insured for bodily injury:

5. Sustained while occupying, or when struck by, any vehicle (other than your covered auto, which is:

a. Owned by you, or
b. Furnished or available for your regular use.

UNINSURED MOTORISTS COVERAGE- RHODE ISLAND (PP 04 90 01 05)

EXCLUSIONS

A. We do not provide Uninsured Motorists Coverage for bodily injuries sustained by any insured:

1. While occupying, or when struck by, any motor vehicle owned by that insured which is not insured for this coverage.

PERSONAL UMBRELLA LIABILITY POLICY

Insuring Agreement

We will pay damage, in excess of the "retained limit," for:

1. "Bodily injury" or "property damage" for which an "insured" becomes legally liable due to an "occurrence" to which this insurance applies,

N. "Retained limit" means:

1. The total limits of any "underlying insurance" or any other insurance that applies to an "occurrence" or offense which:

   a. Are available to an "insured";

2. The deductible, if any, as stated in the Declarations, if the "occurrence" or offenses:

   a. is covered by this policy; and
   b. is not covered by "underlying insurance" or any other insurance.

IV. Maintenance of Underlying Insurance:

Any "insured" must maintain the "underlying insurance" at full limits stated in the Declarations with no change to more restrictive conditions during the term of this policy. If any "underlying insurance" is cancelled or not renewed and not replaced, you must notify us at once.

If any "insured" fails to maintain "underlying insurance," we will not be liable under this policy for

more than we would have been liable if that "underlying insurance" was in effect.

O. "Underlying insurance" means any policy providing the "insured" with liability insurance covering one or more of the types of liability listed in the Declarations and limits no less than the policy limits shown for those types of liability listed in the Declarations.

AMICA specifically disclaims coverage under the subject policies for the following reasons. With respect to each of the following reasons, please refer to the above referenced policy language. Please note that each of the terms shown in quotes (" "or ' ') are specifically defined in the policy.

First, AMICA denies coverage under the PAP because you specifically eliminated all coverages (except "Other Than Collision" coverage) for your 1998 Chevrolet Corvette in October 2005. As you know, at that time, you contacted AMICA and requested the deletion or elimination of all coverages (except OTC) for this vehicle. At your request, AMICA then made the necessary changes and the new policy was issued with corresponding reductions in premium. AMICA also provided you with written confirmation of the elimination of coverages via correspondence dated October 13, 2005. The correspondence included a "Coverage Confirmation" which indicated that liability, medical payments, collision loss and uninsured motorists coverages were "not covered." In light of the above, your insurance contract was modified and these coverages were removed.

Secondly, AMICA disclaims Liability coverage under the PAP because there is no Liability Coverage for "any insured . . . [u]sing a vehicle without a reasonable belief that the insured is entitled to do so."

Thirdly, AMICA disclaims Liability coverage because the 1998 Chevrolet Corvette was not a "covered auto" as that term is defined in the PAP.

Fourth, AMICA denies Uninsured Motorists Coverage because you were "occupying . . a[] motor vehicle owned by [you] which [was] not insured for this coverage."

We have enclosed copies of the policy language referred to in this letter for your reference, with the appropriate portions of the policy highlighted.

Fifth, AMICA disclaims any defense obligation under the subject insurance policies. AMICA has no obligation to defend you under either policy (PAP Policy (No. 961138-23YV) or PULP(No. 761138-2472) in connection with any claims made by any third-parties. As you know, the Liability Coverage was eliminated or

removed from the PAP Policy at your request. AMICA also has no duty to defend you under the PULP Policy because you failed to maintain "underlying insurance" as required by the terms of the policy.

In closing, please note that AMICA does not and should not be deemed to have waived all or any rights or grounds it may have in connection with the above-referenced policy, nor should AMICA be deemed to be estopped from asserting all or any coverage defenses that are currently available under the policy or any defenses which may become applicable in this matter. No act of AMICA shall be construed as an admission of liability or as an admission or coverage.

We will be available to you to discuss the position we have taken. Should you, however, wish to contact the Rhode Island Department of Business Regulation, you may do so at the address listed below. In certain limited circumstances the department may have jurisdiction pursuant to R.I. General Laws 27-9.1-6 and therefore, you may be able to have the matter reviewed by the department. The Department of Business Regulation does not have authority to settle or arbitrate claims, determine liability or order an insurer to pay a claim.

Rhode Island Department of Business Regulation, Insurance Division
233 Richmond Street
Providence, RI 02903

The Rhode Island Department of Business Regulation, Insurance Division can be contacted by telephone at (401) 222-2223.

Should you have any additional information or arguments which you believe bear on our coverage determination, or should you have any questions, please do not hesitate to contact us.

Very truly yours,

Robert Reifel, CPCU
Sr. Claims Supervisor
Rhode Island Claims
rreifel@amica.com

Cc: Todd White, Adler, Pollock & Sheehan

Enclosures

# Exhibit 5

*46 1277_1*

REASON FOR ARCHIVING SUBMITTED
BR/DEPT UNDERWRITING
STORED INFO NAME VITO VITONE AND
LINDA VITONE

RECORD OF TELEPHONE CONVERSATIONS

1 OF 6 - REVERSE 11/9/06 END - REINST LIA/COLL/CHG DAILY MI TO 13 (AUTO 1)

========================= BYPASS PENDING =========================

12/07/06 3:10 PM EST 88E5 JANICE M. MC CALL

07/12/06 3:08 PM EDT 88E8 DEBRA A. RAMOS

I/C MR TO CONFIRM COV ON CORVETTE...CURRENTLY SUSPENDED. MR ASKED WHEN VEH WAS SUSP AND HOW WAS HE NOTIFIED. EXPL'D POL AMEND ON 10/14 SHOWING SUSP COV EFF 11/25. MR APPARENTLY HAD A ACC W/CORVETTE AND WAS TOLD HE HAS NO COV WHEN HE W/B CLAIMS. MR SAID HE DOES NOT RECALL SUSP COV. HE ASKED THAT I FORWARD COPY OF POL AMEND. EXPL'D THERE HAVE BEEN OTHER AMENDS SINCE. W/FORWARD ALL. MR DISPUTED NO COV FOR UMBI - SINCE WE DID NOT REDUCE UMBI PREM WHEN VEH WAS SUSP HE FEELS HE SHOULD HAVE COV. TRIED TO EXPL PREM IS SET FOR SINGLE CAR AND MULTI CAR...WE DON'T CHG PREM IF VEH IS ADDED EITHER. WE WEREN'T GOING TO AGREE BECAUSE WE BOTH HAD DIFF VIEWS SO MR LET IT DROP.

* * *

07/20/06 9:10 AM EDT 88E8 DEBRA A. RAMOS

* * *

10/20/06 10:25 AM EDT 88C5 COLLEEN MITCHELL

T/W MR. CAR 5, VETTE, WAS TOTALLED IN AN ACCIDENT. ASKED IF IT WAS JULY ACCIDENT. HE SAID IT WAS. WILL ELIM 7/4 DAY AFTER ACCIDENT.

* * *

AFTER I HUNG UP. CK'D L/E. CAR 1 WAS INVOLVED IN ACCIDENT 7/3

* * *

10/20/06 11:20 AM EDT 88C5 COLLEEN MITCHELL

LMTCB - CALLING RE ELIM VETTE?
CAR 1 VW WAS INVOLVED IN ACCIDENT IN JULY
DOES HE WANT TO ELIM CAR 1?
WE CURRENTLY HAVE VETTE LAID UP

* * *

10/25/06 8:56 AM EDT 88C5 COLLEEN MITCHELL

* * *

10/26/06 10:05 AM EDT 88C5 COLLEEN MITCHELL

LMTCB - SEE ABOVE

* * *

11/06/06 12:55 PM EST 88C5 COLLEEN MITCHELL

* * *

11/07/06 3:44 PM EST 88C5 COLLEEN MITCHELL

CONTACT LETTER SENT - SEE 10/20 MESSAGE!

* * *

11/22/06 9:20 AM EST 88C2 LISA M. CORBETT

SPOKE TO MRS, CORVETTE WAS TOTALLED, SHOULD HAVE BEEN REMOVED DAY AFTER LOSS (VIN ON LE IS FOR VW BUT THAT VEH NEVER INVOLVED IN ANY ACCIDENT). MRS WOULD LIKE LTR STATING MICHAEL IS LISTED OPERATOR- THOUGHT HE WAS REMOVED/EXPLD STUDENT AWAY JUST GIVES DISCOUNT. STILL NEED GRADES FOR ANTHONY OR CANNOT APPLY GSD. WOULD LIKE TO REINSTATE COVG ON VW EFF 11/22 AND WANTS LTR TO CONFIRM ALL. EXPLD VERY IMPORTANT THEY NOTIFY US WHEN LAID UP VEHS ARE TO BE DRIVEN AGAIN SO WE CAN REINSTATE. SHE UNDERSTANDS. MRS INDICATED THAT SHE AND MR ARE IN BEG STAGES OF DIVORCE, TRYING TO RECONCILE. NO SPLIT WANTED AT THIS TIME.

***